(49 South. 640.)

No. 17,593.

PRATT v. McCOY et al.

In re PRATT.

(April 26, 1909. Rehearing Denied June 19, 1909.)

MANDAMUS (§ 4*)—EXISTENCE OF REMEDY BY APPEAL—EVIDENCE.

The matter of the reception of evidence being one properly to be passed on in ordinary course on appeal, mandamus will not lie to compel the trial judge to receive certain evidence.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 10, 11; Dec. Dig. § 4.*]

Action by George K. Pratt against John F. McCoy and others. Application by said Pratt for writ of mandamus directed to Hon. Walter B. Sommerville, Judge, etc., to compel the reception of certain evidence. Denied.

James McConnell, Jr., for relator. Respondent Judge, pro se. George W. Flynn, for respondents McCoy and others.

PROVOSTY, J. Plaintiff took advantage of Act No. 126, p. 185, of 1908, and examined the defendants "as under cross-examination." Under said act plaintiff had a right to offer evidence in impeachment and rebuttal of the testimony which he had thus elicited from defendants "as under cross-examination." Instead of proceeding at once to do so, plaintiff's counsel made the following statement:

"With the reservation of our right to put rebutting testimony in the record, and evidence of that character, we rest here."

The trial judge thereupon stated that defendant need not offer any evidence, as plaintiff had not made out a case, and that, inasmuch as defendant had offered no evidence, there was no room for rebuttal, and hence he would consider the case as finally closed, and not permit plaintiff to offer any further evidence.

Plaintiff has applied to this court for a mandamus to the judge to receive the evidence.

The matter is one properly to be passed on in ordinary course on appeal, and hence not calling for the exercise of the extraordinary powers of this court.

The rule nisi is therefore recalled, and the present application of plaintiff is denied, at his cost.