BREAUX, C. J.
This is the second appeal. The case was remanded for the purpose, as stated in the decree, of enabling parties to introduce evidence on the question of damages and for further proceedings according to law. See same title, 122 La. 388, 47 South. 692.
[1] Upon calling the case for trial, counsel for defendant urged that under the decree before referred to the whole case should be tried, while counsel for plaintiff opposed the application to reopen the whole case, and contended that the question for decision was one of damages.
The court did not grant the application, but ordered that the quantum of damages be fixed. To the court’s ruling, there was objection by counsel for defendant. They gave notice to the court of defendant’s intention to sue and apply for relief from this court through a writ of mandamus. j
There was no writ applied for, and, at a subsequent date, the case was tried before a jury. The jury found a verdict for plaintiff in the sum of $8,947.70.
A motion for a new trial was filed. The court deemed the amount too large, and sustained the motion, and granted a new trial.
The cause was then taken up for trial by the court, without a jury, and, on the evidence adduced by plaintiff and defendant on the trial, before the jury (under the provisions of the act numbered 247 of the General Assembly of the year 1908, relative to trials in civil cases), the court rendered judgment condemning defendant to pay plaintiff the sum of $6,800.
From this judgment the defendant appealed.
On Application to Reopen the Case.
The district court properly denied this application.
In regard to the writ of mandamus, on second thought, counsel for defendant inform us in the brief that all thought of suing for that writ was abandoned after he had notified the court, because it was deemed inadvisable in view of the fact that recently in Pratt v. McCoy, 123 La. 917, 49 South. 640, this court held that mandamus proceedings will not lie to compel the trial judge to receive evidence.
In our view of the cause, the question has lost all importance and can be passed without special comment, save to state that writs, under the supervisory jurisdiction of this court, are largely within the court’s discretion, and, while it is quite true, as stated in the last-cited case, that the court will not interpose its authority in matter of .the mere admission of evidence during the course of the trial, the question is not entirely similar.
Inasmuch as this court is not bound by hard and fast rules, it may well be that in the matter of interpreting one of our judg *893 ments the court would exert its jurisdiction in order to prevent a serious error, which might result in useless protracted litigation and the incurring of costs uselessly.
The ruling was entirely correct, as made evident by our decision heretofore rendered, which resulted in remanding the cause, and there was not the least necessity for reopening the whole case.
Plaintiff answered the appeal, and asked the court to increase the amount of damages, to the sum allowed by the jury, which the district court did not think should be allowed.
In our decision, heretofore handed down, cited above, the court stated that the bridge across the bayou at Plaquemine was damaged by destruction of at least one-half of the structure. It was in good condition before the fire. It had recently been repaired and painted.
There is a photograph before us (taken after the fire) representing the bridge. It shows that one leaf of the bridge had fallen down, and part of the bridge was entirely destroyed. There is also a blue print showing the part destroyed and the part damaged by fire.
The cost to replace each item of the bridge destroyed or damaged is given. Laymen in matter of constructing bridges testified; but their estimates of the loss and damage occasioned by the fire vary very much. Bridge building being an important branch of the architectural science and art, it is natural to consult the testimony of those who have made a special study of such work. Several witnesses, who were architects, bridge builders, civil engineers, and very well informed upon the subject, testified. Their estimates also vary.
[2] The judge of the district court must have been well informed. He must have had exceptionally favorable opportunity to arrive at a conclusion. He appears to have been conservative in his estimates. It appears to us that justice has been done. We therefore decline to interfere with this judgment, it appearing correct.
The judgment is affirmed.