[No. 6976.   Decided April 1, 1908.]

WHITMAN COUNTY, *Appellant*, v. UNITED STATES FIDELITY &
GUARANTY COMPANY, *Respondent*.[1]

VENUE—ACTION AGAINST CORPORATION — RESIDENCE — CONSENT OF
CODEFENDANT. Where an action was commenced against a corpora-
tion in the wrong county, in which it had no agent or place of busi-
ness, the fact that another proper party defendant was served in
another county and defaulted does not confer jurisdiction over the
corporation, when it is not made to appear that the consenting co-
defendant was a resident of the county in which the action was
brought.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick, J., entered March 18, 1907, upon
overruling a demurrer to defendant's plea of want of juris-
diction, dismissing an action upon a surety bond.   Affirmed.

*John Pattison*, for appellant.

*E. K. Hanna*, for respondent.

PER CURIAM.—In November, 1901, one Charles G. Raby,
who was then county auditor of Whitman county, embezzled
of the funds of that county some $1,753.   In November, 1904,
the county instituted this action in the superior court of
Whitman county against Raby and the respondent, who was
the surety on Raby's official bond, to recover the amount so
embezzled.   At the time of commencing the action, the surety
company did not have an office for the transaction of its busi-
ness in Whitman county, nor did it have an officer, agent or
person in that county on whom service of process could be
made, its statutory agent and principal place of business
being then in King county, at which place service of sum-
mons and complaint was made upon it.   The record does not
show Raby's place of residence further than it appears that
personal service of summons and complaint was made upon

[1]Reported in 94 Pac. 906.

him in Walla Walla county. Raby made default. The surety company, in addition to an answer on the merits, set up want of jurisdiction in the court. A demurrer to the plea of want of jurisdiction was overruled, and on the refusal of the county to plead further, judgment of dismissal against it was entered. The county appeals.

Had the surety company been sued alone.it is clear, on the authority of the cases of *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670, and *Hammel v. Fidelity Mutual Aid Ass'n,* 42 Wash. 448, 85 Pac. 35, that no action would lie against it. It is thought, however, that, since Raby was a proper party to the action and submitted to the jurisdiction of the court, jurisdiction attached as against the surety company also. But it seems to us that this does not follow. Had it been made to appear that Whitman county was the county of Raby's residence, and that as a consequence the action was properly brought there as against him, a different question would be presented. But being brought in the wrong county as against both of the defendants, neither defendant can confer jurisdiction on the court as against the other by consenting to have the action tried in that county. In this respect the rights of the defendants are equal, and inasmuch as jurisdiction did not exist independently of Raby's consent, it was not conferred by that consent.

The judgment appealed from is affirmed.