LAND, J.
This is an action to recover ■$20,000 damages for the destruction by fire of the parish bridge at Plaquemine on July ■25, 1905, alleged to have been occasioned by the negligence of the firm of Carnes, Bass & Benkenstain and of the Texas & Pacific Railway Company. The third defendant, the’ Evangeline Oil Company, is sought to be held liable as having assumed said commercial firm’s obligations and liabilities by taking over its property and rights. For the sake of brevity, the defendants will hereafter be styled the “railway,” the “firm,” and “oil company.” It is charged that the firm negligently ran a barge containing several thousands of barrels of oil on a snag in Bayou Plaquemine, causing said barge to spring a leak and petroleum oil to spread over the surface of said bayou; that, with full knowledge of the dangerous consequences, said firm made no effort to remove said oil, but permitted it to remain on the surface of the water for at least five days before petitioner’s bridge was destroyed by fire.
It is charged that the railway was negligent in that the crew of one of its switch locomotives, well aware of the danger, carelessly dumped ashes on the bank of said bayou near the water’s edge, thereby igniting the floating oil, and causing a conflagration which destroyed petitioner’s bridge.
The prayer was for the citation of the three defendants and for judgment against them in solido.
The firm was either not cited or the suit was not prosecuted against it.
The remaining defendants filed exceptions, which were tried and overruled, and then answered to the merits.
The case was tried before a jury which found a verdict for $14,000 in favor of plaintiff and against the railway and oil company in solido. From a judgment pursuant to the verdict, the said defendants have appealed.
Exception to Jurisdiction.
The oil company excepted to the jurisdiction of the court on the ground that it was domiciled in the parish of Calcasieu, and not in the parish of Iberville. It was admitted that said company was a foreign corporation organized under the laws of the state of New Jersey, and that at the date of the institution of this suit its local domicile in 'the state of Louisiana was in the parish of Acadia, and at the date of the trial of the exception was in the parish of Calcasieu.
*391 The exception was overruled on the theory that the oil company and the commercial firm, which it succeeded, were the same legal entities, and that the firm, having committed acts of trespass in the parish of Iberville, was suable there regardless of its domicile. The firm and the oil company were sued as distinct entities, and the only basis for the plaintiff’s action against the oil company is on an implied assumpsit resulting from the taking over the property and rights of the commercial firm.
Corporations and partnerships, like individuals, must be sued before the judge having jurisdiction over the place where they have their domicile. Code Prac. art. 162.
The Code of Practice contains no exception as to partnerships, and the exception as to corporations is set forth in paragraph 9 of article 165 of the Code of Practice, as follows:
“In all cases where any corporation shall commit trespass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed.”
By a recent act of the Legislature the scope of this paragraph has been extended to omissions for which an action for damages lies. Act No. 108, p. 165, of 1908.
Paragraph 2 of the same article provides that in matters relative to partnership, as long as the partnership continues, in all suits concerning it, the parties must be cited to appear before the tribunal of the place where it is established. The petition alleges that the defendant firm “is domiciled in this state, and doing business in the state and parish.” The firm should have been sued at its domicile, which the record shows was in the parish of Acadia. Paragraph 9 of article 165 of the Code of Practice does not apply to partnerships.
Under the allegations of the petition, the firm is liable for damages occasioned by the negligence of its servants, and the oil company is liable on an implied promise to pay the debts of the partnership. The one is bound in tort, and the other is bound by contract. There can be no joint obligation without a joint contract. Wrongdoers are bound in solido. Civ. Code, art. 2324. If the-oil company had given the plaintiff a written promise to pay all the damages occasioned by the fire in question, suit could not have been brought thereon against the oil company outside of the parish of its domicile.
The exception should have been sustained and the suit dismissed as to the Evangeline-Oil Company.
The exception of no cause of action filed by the railway is without'merit as the petition discloses that the negligence of its servants was the proximate cause of the loss complained of.