## THE STATE ex rel. AMERICAN PIGMENT AND CHEMICAL COMPANY v. GEORGE H. SHIELDS, Judge, et al.

In Banc, November 27, 1911.

1. **PROHIBITION: Motion for Judgment on Pleadings: Admits Facts Well Pleaded.** A motion by relator for judgment on the pleadings in a prohibition case concedes all the facts well pleaded in the return; and if the facts set out in the return show that the court had jurisdiction of the cause and of relator, the writ will be denied.

2. ———: **Jurisdiction: Dependent Upon Facts: Determined by Trial Court.** An inferior court has as much right to determine the facts affecting its jurisdiction as it does to determine any other fact in the progress of the case. Where its jurisdiction to hear and determine the case rests upon facts, the Supreme Court will not interfere by its writ of prohibition with its adjudication determining from the facts that it had jurisdiction, for such matter then becomes mere error and can be reached by appeal. Where the circuit court, upon appeal, passed upon the facts going to the jurisdiction of the justice of the peace, before whom relator was sued, over relator's person, and determined therefrom that the justice had jurisdiction, the Supreme Court will not by its writ of prohibition prohibit the circuit court from enforcing its judgment against relator.

3. ———: ———: **Res Adjudicata: Foreign Corporation: Return of Constable.** Where there was an appeal from the judgment of the circuit court to the Court of Appeals, and that court held that the return of the constable was sufficient to confer jurisdiction on the justice over the relator, and, in addition, found as a fact that relator, although a foreign corporation, was doing business in this State at the time of the service, and that service upon its president, resident of this State, was a good service under the facts disclosed, the Supreme Court will not by its writ of prohibition prohibit the enforcement of the judgment of the circuit court, holding that the justice of the peace court had jurisdiction over the person of relator, for the decision of the Court of Appeals is *res adjudicata*, and being final there can be no further review thereof.

## Prohibition.

WRIT DENIED.

*Henry W. Femmer* for relator; *James T. Roberts* of counsel.

(1) All of the returns of the special constable appearing in the record in this case are insufficient to confer jurisdiction in this: (a) The original return of the special constable is insufficient in that it appears affirmatively on the face of the return, "Said defendant corporation, American Pigment & Chemical Company, having no business office in St. Louis at time of service." Sec. 3862, R. S. 1899; sec. 7423, R. S. 1909. (b) What purports to be the first amended return has no validity, as there is nothing on the return or in the transcript of the justice to show that it was ever filed with the justice. Fidelity & Guaranty Co. v. Feed Co., 100 Mo. App. 724. (c) What purports to be the second amended return is merely the last mentioned return with the date of service inserted, and the mere insertion of the date cannot give it any validity. (d) All of the foregoing returns are insufficient in that they are all signed "A. H. Watson," without anything to indicate that he held any official position. State v. Harriman, 1 Mo. 505; Atwood v. Reyburn, 5 Mo. 533; State v. Huff, 161 Mo. 492; Murfree on Sheriffs, sec. 843. (e) The last amended return is insufficient in that it is signed "A. H. Watson, Special Constable." Watson being but a special deputy for the occasion, his return should have been in the name of the constable, Samuel Young. See citation under (d). (2) Jurisdiction to render a personal judgment against a foreign corporation can only be acquired by the courts of Missouri when such corporation is found to be doing business in the State of Missouri at the time of service. R. S. 1899, Sec. 3862; Sec. 7423, R. S. 1909; Phillips v. Library Co., 141 Pa. St. 462; Zelnicker v. Cotton Oil Co., 103 Mo.

State ex rel. v. Shields.

App. 97; Camden R. M. Co. v. Swede Iron Co., 32 N. J. L. 15; St. Clair v. Cox, 106 U. S. 350; Fitzgerald v. Fitzgerald, 137 U. S. 98.   (3)  The fact that service was had on the president of relator herein, the American Pigment & Chemical Company, did not give the circuit court of the city of St. Louis jurisdiction over the person of said corporation so as to authorize the rendition of a personal judgment against it, when it appeared that at the time of service the company was not doing business in the State and had no office or agency here.  See cases cited under point 2.   (4) The fact that this case originated before a justice of the peace and that after judgment by default against it relator herein took an appeal to the circuit court of the city of St. Louis, did not preclude the relator herein from raising the question of jurisdiction in the circuit court.   Meyer v. Insurance Co., 184 Mo. 481; Bente v. Typewriter Co., 116 Mo. App. 77; State ex rel. v. Ayers, 116 Mo. App. 90; Trimble v. Elkins, 88 Mo. App. 229; Implement Co. v. Hardware Co., 137 Mo. App. 316; Smith v. Rock Co., 132 Mo. App. 309. (5)  The testimony as preserved in the exemplified copy of the proceedings had by the circuit court of the city of St. Louis in the case of Stegall v. American Pigment & Chemical Company, shows that at the time of the attempted service of the writ in that case on July 14th, 1908, the American Pigment & Chemical Company was not doing business in the State of Missouri within the meaning of the law.   John Deere Plow Co. v. Wyland, 69 Kan. 255; Sigel-Campion Co. v. Haston, 68 Kan. 479; First Nat. Bank v. Leeper, 121 Mo. App. 688; Ladd v. Mo. Coal & Mining Co., 160 Mo. 436;  Doty v. Railroad, 8 Abb. Prac. (N. Y.) 427;  Hart v. Livermore Fry Co., 72 Miss. 809; People v. Equit. Tr. Co., 96 N. Y. 387; People v. Horn Silver Min. Co., 105 N. Y. 76; State ex rel. v. Feitner, 78 N. Y. Supp. 1017; Honeyman v. Colo. Fuel & I. Co., 133 Fed. Rep. 96.

*Jamison & Thomas* for respondents.

(1)   Relator herein is seeking in effect to prosecute an appeal of the case of Stegall v. American Pigment & Chemical Company to the Supreme Court. Prohibition will not be permitted to usurp the place of or give a litigant the benefit of an appeal.   State ex rel. v. Stobie, 194 Mo. 45; Wand v. Ryan, 166 Mo. 646; Eckerle v. Wood, 95 Mo. App. 378; State ex rel. v. Burkhartt, 87 Mo. 533; Bowman's case, 67 Mo. 146; State ex rel. v. Lewis, 76 Mo. 376; Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Klein, 116 Mo. 259.   (2)   If the court is empowered by law to determine cases of the class of that in question, the court has jurisdiction, and prohibition will not lie unless the court attempts to exceed the limits of its powers as prescribed. Dowdy v. Womble, 110 Mo. 280; Wand v. Ryan, 166 Mo. 649; State ex rel. v. Smith, 104 Mo. 419; State ex rel. v. Smith, 105 Mo. 6; State ex rel. v. Scarritt, 128 Mo. 331.   (3)   The circuit court of the city of St. Louis had full and complete jurisdiction to decide, and the Court of Appeals to review and affirm such decision as to all questions presented on the record of the case of Stegall v. American Pigment & Chemical Company, and the finding of the circuit court, affirmed by the Court of Appeals, is final.   State ex rel. v. Smith, 104 Mo. 419; State ex rel. v. Smith, 105 Mo. 6; Coleman v. Dalton, 71 Mo. App. 14.   (4)   A court has jurisdiction to determine its own jurisdiction; and where jurisdiction depends on issuable facts, and those facts are found by the court, such finding is *res adjudicata*, and will not be disturbed by prohibition. 23 Am. and Eng. Ency. Law (2 Ed.), 200, 209; State ex rel. v. Seay, 23 Mo. App. 623; State ex rel. v. Smith, 104 Mo. 419; Hansford v. Hansford, 34 Mo. App. 262; State ex rel. v. Smith, 105 Mo. 6; Coleman v. Dalton, 71 Mo. App. 14; Bankers' Life Ass'n v. Shelton, 84 Mo. App. 634.   (5)   A court of appeals

has full and complete jurisdiction to determine every question arising on the record in every case properly before it, and that decision is no less final than a decision of the Supreme Court. State ex rel. v. Smith, 104 Mo. 419; State ex rel. v. Smith, 105 Mo. 8. (6) The signature "A. H. Watson," signed to the first three returns and the signature "A. H. Watson, Special Constable," signed to the last amended return, together with the notarial certificates that each of said returns was sworn to by said A. H. Watson, are sufficient. Secs. 7424, 7425, R. S. 1909.

GRAVES, J.—Relator applied for a writ of prohibition against the Judge of Division No. 9 of the circuit court of the city of St. Louis. The purpose was to prohibit said judge from enforcing a judgment rendered therein in a case of Harry W. Stegall v. American Pigment & Chemical Company, the relator herein. The Stegall suit was first instituted in one of the justices' courts of the city of St. Louis and from thence taken to the circuit court. This is as far as we are informed by the petition for the writ of prohibition. The relator in this suit, the defendant in that suit, had challenged the jurisdiction of the justice of the peace over its person. There were two principal grounds assigned, (1) that the return of the special constable was insufficient to confer jurisdiction, and (2) that the defendant was a nonresident corporation and was doing no business in this State. We shall not go further into the petition of the relator in the present suit, because a full and complete return has been made by the respondent, Judge Shields, and the cause is submitted upon a motion for judgment on the pleadings. This kind of a motion in law concedes all of the facts which are well pleaded in the return. We are therefore more concerned in the facts found in the return. The return presents altogether a different case from that

presented by the petition. From the return it appears that the circuit court heard evidence on the question of fact as to whether or not this relator, defendant in the other suit, was actually doing business in this State at the time of service. It further appears from the return that relator in that case always appeared specially and raised the question of jurisdiction throughout; that when the motion going to the jurisdiction was ruled adversely by the circuit court, relator refused to appear to the merits, and the cause was heard and judgment entered for $237.82 against this relator. The return further shows that from this judgment the relator in this case, defendant in that case, sued out a writ of error to the St. Louis Court of Appeals and that court after a full consideration affirmed the judgment *nisi*. [See 150 Mo. App. 251.] The application made to this court withheld the determinative facts of the case. The last amended return upon which judgment was entered in the circuit court was not set out in the petition, but another and different return. The fact that a writ of error was sued out was not set out. To read the petition for our writ and then read the return, one would not take the two causes therein to be the same case. The facts of the return being undenied, and in law admitted by the motion for judgment, we will adjudge the case here upon those facts. This sufficiently states the case.

I.   Our preliminary rule in prohibition in this case should be quashed for at least two reasons. These we take in order.

In the first place where the jurisdiction of a court to hear and determine a case rests upon facts, this court will not by its writ of prohibition preclude such court from determining its jurisdiction from the facts, and after it has determined its jurisdiction from the facts will not interfere, for the reason that such mat-

ter then becomes mere error and can be reached by appeal. An inferior court has as much right to determine the facts going to its jurisdiction as it has to determine any other fact in the progress of the case. In the case at bar, both the justice's court and the circuit court passed upon the facts going to the jurisdiction of the justice of the peace. We are not without authority upon this question in this State. [Coleman v. Dalton, 71 Mo. App. l. c. 24; State ex rel. v. Mills, 231 Mo. 499.]

In the latter case we quoted at length from the Coleman case, supra, and indorsed the doctrine therein announced by GILL, J. We there said:

"Where the jurisdiction of the probate court is dependent upon the fact of the person being within the territorial jurisdiction of the court, a writ of prohibition will not lie to prevent the probate court from investigating the necessary facts to determine its own jurisdiction, nor could prohibition be granted to prevent an entry of the court's judgment, whether that judgment be right or wrong, as to the jurisdiction over the person. In other words, if the law determines the right of a court to entertain or not entertain jurisdiction of a case, then prohibition will lie, but if jurisdiction is contingent upon facts, unless such facts be admitted and not disputed, the lower court has the right to determine its jurisdiction from the facts before it. To my mind, there is no clearer statement of the law upon this point than that made by GILL, J., in Coleman v. Dalton, 71 Mo. App. 24. The writer, as counsel, lost that case, but appreciates the force of the opinion on the question of jurisdiction of probate courts."

Further on in the Crouse case, we said:

"But there is yet another matter which to our mind settles this point of jurisdiction over the person. The relator, Mrs. Crouse, after the entry of judgment, filed her motion to vacate and set aside

the judgment entered, on the ground, among others, 'that the court did not have jurisdiction over her person and estate at the time said judgment and appointment was made and entered, in that she was not in the county of St. Louis, within the meaning of the laws of Missouri relating to insane persons, at or prior to the time the court caused the facts to be inquired into.' The probate record filed here as a part of respondents' return in this case shows that this motion was tried upon evidence, and for the second time the probate court passed upon the fact of its jurisdiction of the person. From this judgment an appeal was taken, first, to the circuit court, and then to the St. Louis Court of Appeals, with the result as set forth in our statement. As stated elsewhere these courts held that an appeal would not lie from the probate court in this character of a case. Whether this ruling is correct or not we will not discuss, because the matter is finally determined by the St. Louis Court of Appeals, even though we might think that judgment erroneous. The judgment stands in full force, and under this judgment there has been a finding as to the facts necessary to determine the court's own jurisdiction. That finding may be erroneous, but it has passed beyond the realm of review. It is final, and is not subject to attack in this proceeding. We conclude therefore that the judgment of the probate court is final in this matter, as to the status of the relator, Mrs. Crouse, and her estate."

So in the case at bar, the circuit court upon evidence heard before it determined the question of jurisdiction. Likewise it is to be presumed that the justice's court determined its jurisdiction. This, however, is not really material, because the jurisdiction of the circuit court was dependent upon the jurisdiction of the justice's court, and the circuit court had the right to determine its own jurisdiction, where such jurisdiction rested upon facts, and we shall not

prohibit it from so doing. After it had determined its jurisdiction, whether rightfully or wrongfully, the writ of prohibition should be refused, because such is a matter of error, from which there is an adequate remedy by appeal.

For this reason, our preliminary rule in prohibition should be quashed.

II. There is a further reason for quashing the writ in this case. It appears that the whole matter has been fully and finally adjudicated by the St. Louis Court of Appeals. That court had full jurisdiction to determine the questions involved. That court could determine the sufficiency of the return of the special constable, as well as the sufficiency of the proof made of the facts to show jurisdiction in the justice's court. It did in an elaborate opinion rendered hold that the return was sufficient to confer jurisdiction, and in addition found from the evidence that defendant, although a foreign corporation, was as a fact doing business in this State at the time of the service, and that the service upon its president, resident in this State, was a good service under the facts disclosed. Whether this judgment of the St. Louis Court of Appeals is right or wrong we need not determine. It is sufficient for us to say that such court had the right to adjudicate the questions, and it has so done. The whole of relator's complaint here is *res adjudicata*. [Coleman v. Dalton, 71 Mo. App. l. c. 24; State ex rel. v. Mills, 231 Mo. 499.]

The preliminary rule in prohibition is quashed and the permanent writ therefore denied. All concur.