[No. 11108.   Department Two.   July 18, 1913.]

## A. B. RICHMAN, *Respondent*, v. WENAHA COMPANY, *Appellant*.[1]

JUDGMENT — DEFAULT — NOTICE — APPEARANCE.  Appearance in a case prior to entry of default entitles the defendant to notice of all subsequent proceedings, and it is therefore technical error to grant the default without notice.

JUDGMENT—VACATION—DISCRETION.  Technical error in granting a default judgment does not establish abuse of discretion in refusing to open the default, unless the error was prejudicial.

CORPORATIONS—ACTIONS—VENUE—JURISDICTION.   Under Rem. & Bal. Code, § 206, providing in what counties an action may be brought against a corporation, the court has no jurisdiction to enter judgment where the action was brought in the wrong county.

JUDGMENT—VACATION—ABUSE OF DISCRETION.  It is an abuse of discretion to refuse to open a default judgment entered after motion for change of venue showing that the court had no jurisdiction, although the application for change of venue was not made until after the motion for default.

Appeal from a judgment of the superior court for Benton county, Holcomb, J., entered September 5, 1912, upon findings in favor of the plaintiff, denying a motion to vacate a judgment.   Reversed.

[1]Reported in 133 Pac. 467.

*J. G. Thomas, W. A. Toner,* and *McGregor & Fristoe,* for appellant.

*H. Dustin,* for respondent.

MORRIS, J.—Appeal from an order denying motion to open up a default, and judgment entered thereon. The action was brought in Benton county, and service was made upon the appellant corporation in Walla Walla county on July 30, 1912. On August 22, no appearance having been made, respondent made and filed a motion for default. On August 28, appellant filed a demurrer and motion for change of venue to Walla Walla county, setting forth in support of the motion for change of venue that it was not then, nor at the time when the cause of action arose, transacting any business in Benton county, nor had any office therein for the transaction of business, or person representing it upon whom process might be served. On September 4th, without notice to appellant, the motion for default was granted and judgment entered. On September 18, appellant moved to set aside the default, which being denied, it appeals.

Appellant having appeared in the case prior to the entry of default, was entitled to notice of all subsequent proceedings under Rem. & Bal. Code, § 262 (P. C. 81 § 231). It was therefore technical error to grant the default without notice. Rulings of lower courts upon motions to open up default, being so largely a matter of discretion, will not be disturbed here even though technical error might be committed, unless it appears that such a ruling is prejudicial to defendant, or that more than technical error has been committed. We believe this to be a sound rule, and before we will disturb the ruling of the lower court in such matters it must affirmatively appear that more than a technical right has been invaded. We think such a showing was made upon the application for change of venue. Rem. & Bal. Code, § 206 (P. C. 81 § 107), provides:

"An action against a corporation may be brought in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

It was held in *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, that, under this section as it existed prior to the amendment of 1909, which enlarged its scope, the court had no jurisdiction to enter judgment against a corporation when the action was brought in the wrong county. This ruling was followed in *Hammel v. Fidelity Mutual Aid Ass'n*, 42 Wash. 448, 85 Pac. 35, and *Whitman County v. United States Fidelity & Guaranty Co.*, 49 Wash. 150, 94 Pac. 906. No jurisdiction having been acquired by the lower court to enter judgment of any character, it was more than a technical error to enter judgment of default without notice after appearance. It must, therefore, be held that the lower court was not exercising a sound legal discretion in the entry of judgment when, upon the face of its record, it affirmatively appeared that it was without jurisdiction; and for this reason the judgment is reversed.

MAIN, ELLIS, and FULLERTON, JJ., concur.