[No. 13208. Department Two. June 1, 1916.]

DAVIS-KASER COMPANY, *Appellant*, v. COLONIAL FIRE UNDER-
WRITERS INSURANCE COMPANY (AGENCY), OF
HARTFORD, CONNECTICUT, *Respondent*.[1]

INSURANCE—ACTIONS ON POLICY—VENUE — STATUTES. An action upon a foreign fire insurance policy delivered in, and upon property within, W. county, must be brought in that county, under 3 Rem. & Bal. Code, § 6059-13½, providing that an insurance company may be sued upon an insurance policy in any county where the action arose, "by serving . . . upon the commissioner . . . if an alien or foreign company, or upon any duly licensed agent of the company residing in the county where the cause of action arose."

STATUTES—TITLE AND SUBJECTS—INSURANCE CODE. The title "An act to provide an insurance code . . ." is broad enough to include 3 Rem. & Bal. Code, § 6059-13½, covering the venue of actions on insurance policies and the manner of service of summons therein; since the act, being a complete code on the subject of insurance, the title need not be an index to the act.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered August 28, 1915, dismissing

[1]Reported in 157 Pac. 870.

an action upon a fire insurance policy, upon sustaining a motion to quash service of summons. Affirmed.

*Gose & Crowe,* for appellant.

*E. Eugene Davis (McCarthy, Edge & Davis,* of counsel), for respondent.

MAIN, J.—The purpose of this action was to recover upon a fire insurance policy for the loss of personal property destroyed by fire. The property covered by the policy was located in Franklin county, and the policy was delivered in that county. The action was begun in Walla Walla county, and service had upon an agent of the defendant company in that county. The defendant was a foreign and not a domestic corporation. A motion was made to quash the service because the action was instituted in the wrong county, and that the superior court for Walla Walla county was without jurisdiction to try the same. The motion was sustained, and a judgment entered dismissing the action. From this judgment the plaintiff appeals.

The principal question in the case is whether the plaintiff had a right to maintain the action in Walla Walla county when the property covered by the policy was located in Franklin county. Section 13½ of the insurance code, Laws of 1911, p. 174, provides:

"Any insurance company may be sued upon a policy of insurance in any county within this state where the cause of action arose, by serving the summons and a copy of the complaint upon the company, if a domestic company, or upon the commissioner, as attorney in fact of the company, if an alien or foreign company, or upon any duly licensed agent of the company residing in the county where the cause of action arose." 3 Rem. & Bal. Code, § 6059-13½.

In *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670, the court considered a section of the code of procedure which provided:

"An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

In that case the defendant company was served with process in Clarke county, and the cause was tried in Garfield county. The question was whether the court of the county in which the case was tried had jurisdiction. It was there held:

"The court in Garfield county was without jurisdiction to pronounce judgment, and the judgment and all the proceedings in that court were without authority and void."

That case has been followed and approved in *Hammel v. Fidelity Mut. Aid Ass'n*, 42 Wash. 448, 85 Pac. 35; *Whitman County v. United States Fidelity & Guaranty Co.*, 49 Wash. 150, 94 Pac. 906; *Richman v. Wenaha Co.*, 74 Wash. 370, 133 Pac. 467. The cases cited are controlling here.

Some mention is made in the briefs that the word "may" is used in the section of the statute from the insurance code above quoted. That section provides that an insurance company "may be sued." The act construed in the *McMaster* case, *supra*, did not use the word "must," but provided that an action against a corporation "may be brought in any county," etc. If the word "may" as used in the statute, which was construed in that case, required the action to be brought in the proper county in order to confer jurisdiction, it would seem to follow that a like meaning must be given to the same word when it appears in the section of the insurance code which specifies the county in which an insurance company may be sued.

Some contention is made that the title of the insurance code is not sufficiently broad to include the section here in question. The title recites that it is

"An Act to provide an Insurance Code for the state of Washington, to regulate the organization and government

13—91 WASH.

of insurance companies and insurance business, to provide penalties for the violation of the provisions of this act, to provide for an Insurance Commissioner and define his duties, and to repeal all existing laws in relation thereto." Laws of 1911, p. 161.

The act supersedes and repeals all prior acts on the same subject, is a complete insurance code, and covers the entire subject of insurance. In *State ex rel. North Coast Fire Ins. Co. v. Schively*, 68 Wash. 148, 122 Pac. 1020, it was said:

"The act of 1911 is a complete insurance code. It covers the entire subject of insurance. It expressly supersedes and repeals all prior acts on the subject."

The word "code," as used in the title, means a systematic and complete body of law upon the subject to which it relates. *Johnson v. Harrison*, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382; 1 Bouvier, Law Dictionary (Rawle's 3d ed.), p. 507. This is the definition of the word as given by Bouvier:

"A body of law established by the legislative authority of the state, and designed to regulate completely, so far as a statute may, the subject to which it relates."

The title of the act need not be an index to the body thereof, nor need it express in detail every phase of the subject which is dealt with by the act. The essential requirement is notice; and the title is sufficient if it gives reasonable notice of the subject legislated upon. In *Maxwell v. Lancaster*, 81 Wash. 602, 143 Pac. 157, it was said:

"The general rules relating to titles of legislative acts with respect to expression of the subject-matter are well settled. The title need not be an index to the body of the act, nor need it express in detail every phase of the subject which is dealt with by the act. The essential requirement is notice, and the title is sufficient if it gives reasonable notice of the subject legislated upon."

It seems reasonably clear that the title of the act is broad enough to include § 13½ of the insurance code, which covers the venue of actions on insurance policies and the manner of

serving process on insurance companies. The use of the word "code" in the title would indicate that the act was designed to regulate completely the subject to which it relates. It would be only reasonable to expect that an act of the legislature which was designed to completely regulate the subject of insurance would contain a provision relative to the venue of actions upon policies and the manner of service of process.

The judgment will be affirmed.

MORRIS, C. J., BAUSMAN, PARKER, and HOLCOMB, JJ., concur.