S. E. DARBY, Respondent, v. WEBER IMPLEMENT COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, January 18, 1919.

1. **FRAUD: Misrepresentations: Petition.** A petition, alleging that the defendant corporation was selling automobiles, and that individual defendant was assisting in selling the cars, and that by means of misrepresentations plaintiff was induced to buy a car, *held* to state a cause of action against the individual.

2. **CORPORATIONS: Actions: Venue.** Under Revised Statutes 1909, section 1754, a domestic corporation cannot be sued in any county except the county where the cause of action accrued or a county

where the corporation shall have or usually keeps an office or agent for the transaction of its usual business.

3. ——: ——: ——. Revised Statutes 1909, section 1751, applies to venue in actions by and against persons only, and where the circuit court of a county did not have jurisdiction over an action against a domestic corporation under section 1754, the court cannot obtain jurisdiction over the corporation because a resident of the county was made a defendant and process was served on the corporation pursuant to section 1751.

4. PLEADING: Designation of Venue. In an action against a corporation for misrepresentations made in the sale of an automobile, the petition *held* insufficient to show that the cause of action arose in the county where suit was begun.

5. EVIDENCE: Judicial Notice. The Court of Appeals will take judicial notice of a fact that a town is located in a particular county,

6. FRAUD: Missouri Circuit Courts: Jurisdiction. The circuit court of a county is a court of general jurisdiction, having power to hear and determine suits between the parties, where the cause of action is based upon misrepresentations in a sale.

7. COURTS: Circuit Courts: Jurisdiction. Whether the circuit court had jurisdiction of an action for damages for misrepresentations in a sale is a question of fact, and not one to be determined by the pleadings.

8. APPEAL AND ERROR: Review: Jurisdiction. Where, in an action against a domestic corporation begun in the circuit court of a county in which the corporation did not have an office or agency, the court overruled a motion to dismiss on the ground of want of jurisdiction, *held*, the evidence heard on the motion not being included in the record, that it will be presumed that the facts disclosed that the court had jurisdiction, although the petition did not on its face show that the court had jurisdiction.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Clarence T. Case* and *Edward L. Drum* for appellant.

*J. L. Fort* and *J. M. Cook* for respondent.

FARRINGTON, J.—The plaintiff brought suit against the Weber Implement Company, a corporation, the appellant, and J. A. Hickman, an individual residing in Stoddard County, Missouri. The suit was dismissed as to Hickman prior to judgment, and proceeded against the Weber Implement Company, resulting in a judgment in favor of plaintiff, from which the Weber Implement Company appeals. As stated in appellant's of the case, the question here is purely one of jurisdiction.

The petition states that the Weber Implement Company is a corporation, with its chief office and place of business in the city of St. Louis, Missouri, and was selling Mitchell automobiles in the State of Missouri; that J. A. Hickman was a resident of Stoddard County, Missouri, and was assisting the Weber Implement Company in selling Mitchell cars; that the plaintiff purchased of defendant, the Weber Implement Company, an automobile paying them the sum of $1440. It then charges that certain representations were made by the defendants concerning this car, which representations were untrue; alleges that he relied upon the representations that were made, and the car was worthless, and prays judgment for damages.

The record before us shows that the Circuit Clerk of Stoddard County issued a summons to the Weber Implement Company, directed to the Sheriff of the city of St. Louis. The Sheriff's return shows that service was had on the Weber Implement Company, a corporation, by delivering a copy of the writ and petition to the Secretary of the corporation, in charge of its usual business office, and that the President or chief officer of defendant could not be found in the city of St. Louis.

Prior to the trial, the Weber Implement Company appeared especially for filing its motion to quash the return of the summons and to dismiss the suit, appearing only for the purpose of objecting to the jurisdic-

tion of the court—the first ground being that the petition does not state a joint cause of action against the Weber Implement Company and J. A. Hickman; that the petition shows no cause of action whatever against J. A. Hickman, and that he is joined merely for the purpose of attempting to confer jurisdiction over the defendant, the Weber Implement Company.

The court in passing upon the Weber Implement Company's motion to quash the service and dismiss the suit, recites in its order that "having seen and examined said motion, and having heard the evidence adduced in support thereof, and the argument of counsel, and being fully advised in the premises, doth order that said motion be, and the same hereby is in all things overruled." An exception was saved to this ruling. At this point in the proceeding, the plaintiff voluntarily dismissed as to J. A. Hickman.

It appears from the record that the Weber Implement Company, by its counsel, declined to appear and defend further.

The judgment recites that the plaintiff announced ready for trial upon the merits, and moved the court for judgment by default against the Weber Implement Company; that the Weber Implement Company having hitherto declined to appear and defend the action. Whereupon the cause was submitted to the jury to ascertain the amount of damages due the plaintiff on the trial *ex parte*. It further recites that the jury returned a verdict assessing the damages at $1140, whereupon judgment for that amount was rendered.

The first point made by the appellant, that the petition did not state a cause of action against it and Hickman, cannot meet our approval, as it in a number of places alleges that the defendants made certain representations which were untrue, upon which plaintiff relied in purchasing the machine, which false representations caused plaintiff to sustain a loss. For reasons hereinafter stated, however, we do not deem the question of whether Hickman was jointly liable

with the plaintiff as material to the determination of this appeal. It will be remembered that the suit was dismissed as to Hickman and proceeded against the appellant, the Weber Implement Company.

There can be no doubt about appellant being correct in its conclusion of the law that a domestic corporation, such as the appellant is, cannot be sued in any counties of this State except those designated by section 1754, Revised Statutes 1909, that is, in a County where the cause of action accrued, or a County where a corporation shall have, or usually keeps an office or agent for the transaction of their usual and customary business. [Bankers Life Assn. v. Shelton, 84 App. 634, and Barnett, Haynes & Barnett v. Hotel Co., 137 Mo. App. 636, 119 S. W. 471; State ex rel. v. Jones, 270 Mo. 230, 192 S. W. 980.] And it is held in State ex rel. v. Gantt, 203 S. W. 1. c., 967, that section 1751, Revised Statutes 1909, specifically applies to venue in actions by and against *persons only* (italics ours).

We, therefore, hold that the Circuit Court of Stoddard County did not, and could not get jurisdiction to try this cause of this plaintiff against the Weber Implement Company merely by joining such corporation with Hickman, the other defendant, and attempt to get jurisdiction by following section 1751 for the service. On the other hand, the Circut Court of Stoddard County has jurisdiction to try this cause against the Weber Implement Company, a corporation, provided the cause of action alleged in the petition accrued in Stoddard County. The respondent contends that the petition in this case shows on its face that the cause of action did accrue in Stoddard County, because he says the petition alleges that the plaintiff viewed the machine when he purchased it, and that he states in his petition the following: "Avers that defendants stated and represented to plaintiff that said Mitchell car was a "dandy;" that the owners of Mitchell cars had no trouble with them at all; stated

that the car had been run only from Cape Girardeau
to Puxico, and from Puxico to Poplar Bluff, and from
Poplar Bluff to Dexter, which would be about one
hundred miles.''

Respondent contends, and we agree with him, that
we must take judicial notice of the fact that Dexter
is in Stoddard County, but the trouble with respon-
dent's argument is that the recital quoted in the peti-
tion, taken together with the statements that the plain-
tiff viewed the Mitchell car when he purchased it, does
not allege that the sale was made to him and the
fraudulent representations were made to him in Stod-
dard County, or at Dexter. We would have as much
right to presume that the car was built in Cape Girar-
deau from this allegation as to presume that it was
sold in Dexter; yet, the petition itself shows that the
car was made in Detroit, Michigan. On the other
hand, the car might have made its last run on its own
power to Dexter, then have taken to some other County
where the plaintiff viewed it, and where the alleged
false representations were made. In other words,
from reading the petition it is purely a matter of con-
jecture, and conjecture only, where this sale took
place or where the false representations were made.
We must, therefore, hold with the appellant that from
the face of the petition it is not shown that the cause
of action accrued in the county where the suit was
brought against this corporation, and the record proper
shows that the office of the Company upon which serv-
ice was had was located in St. Louis, Missouri; from
which it could be reasonable inferred that such Com-
pany had no office in the Stoddard County; but under
the record which is presented to this court, we are
inclined to hold that sustaining the two points made in
his brief will not avail appellant in procuring a rever-
sal of this judgment; and this because we are unwilling
to reverse the judgment merely because in the face
of the petition it is not shown that the cause of action
accrued in the county over which the court trying the

case had jurisdiction. Under section 1754, Revised Statutes 1909, if this cause of action accrued in Stoddard County, then the court trying it had jurisdiction and power to render the judgment appealed from.

State ex rel. v. Gantt, 203 S. W. l. c. 969, where it is held that in order for the trial court to have jurisdiction in that case, the corporation sued must have had an agent or office for the transaction of its usual and customary business in Audrian County. It is held that there was no showing in the case whether the relator had or had not such an agent in the County. It it had such an agent, the circuit court had jurisdiction to hear and determine the case in dispute. It is held that jurisdiction in such event would depend upon a question of fact, which fact is for the determination of the trial court. [Citing State ex rel. v. Shields, 237 Mo. 329, 141 S. W. 585; State ex rel. Crouse v. Mills, 231 Mo. 493, 133 S. W. 22.]

The circuit court of Stoddard County is a court of general jurisdiction, having power to hear and determine suits between parties where the cause of action is based upon a misrepresentation of false pretenses. O'Brien v. People, 216 Ill. 354, l. c. 363, 75 N. E. 108; 3 Am. & Eng. Ann. Cas., 966, decides that jurisdiction does not depend upon the sufficiency of the petition. If the court has jurisdiction of the subject-matter and of the parties, nothing further is required. [See Corpus Juris, Vol. 15, pages 734 and 735.]

That the jurisdiction of a court of this character of cases is a question of fact and not one determined by the pleadings, is shown by the decision in the case of Barnett, Haynes & Barnett v. Hotel Company, 137 Mo. App. 635, 119 S. W. 471. There the petition alleged that the cause of action accrued in St. Louis; the petition was sufficient but the fact remained, and was shown by the defendant to be that the cause of action did not accrue in the City of St. Louis but accrued in

Darby v. Weber Implement Co.

the city of Springfield, upon which finding the court held that it had no jurisdiction of the cause.

The record in the case before us discloses that a motion directing the court's particular attention to the lack of jurisdiction was addressed to the court; that the court found, after taking evidence on this motion, that it had jurisdiction of the cause and therefore overruled appellant's motion.

There is nothing in the record before us showing what the evidence was that was introduced in the trial court on this motion striking at the jurisdiction of the court, and it would therefore, be improper for this court to hold that the trial court erred in overruling this motion when the evidence upon which the action was taken is not before us. The statute enjoins Appellate Courts from interfering with the judgment of trial courts unless manifest error is shown. The Circuit Court of Stoddard County is a court of general jurisdiction, having authority to try the class of cases to which this cause belongs. The presumption therefore prevails that it ruled correctly from the evidence before it on the motion to dismiss. We, therefore, hold that the failure of the petition to disclose that the cause of action accrued in Stoddard County was not fatal; and further hold that, it being a court of general jurisdiction, the judgment in this class of cases will be presumed to be correct, in the absence of a showing that the court incorrectly ruled upon the evidence on the question of its jurisdiction.

The judgment is affirmed. *Sturgis, P.J.,* and *Bradley, J.,* concur.