[No. 19749.  *En Banc.*  March 26, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Seattle National Bank, Plaintiff,* v. GEORGE A. JOINER, *as Judge of the Superior Court, Defendant.*[1]

[1] CORPORATIONS (195) — VENUE (9-1) — DOMICILE FOR PURPOSE OF ACTION — JOINDER OF NON-RESIDENT CORPORATION — JURISDICTION. Under Rem. Comp. Stat., § 206, providing that a corporation may be sued in the county where it transacts business or has any office therefor, or an agent upon whom process may be served, the court has no jurisdiction of a corporation, made a co-defendant in an action begun in any other county, although § 207 provides that all other actions may be brought in the county where the defendants or some of them reside (TOLMAN, C. J., and HOLCOMB, J., dissenting).

Application filed in the supreme court December 26, 1925, for a writ of prohibition to prevent the superior court for Skagit county, Joiner, J., from further proceeding in a cause. Granted.

*Bausman, Oldham & Eggerman,* for relator.

*Pemberton & Robinson,* for respondent.

MACKINTOSH, J.—Frank F. Day, whom hereafter in this proceeding we shall call the respondent, commenced an action in Skagit county seeking damages from several defendants for their joint and several tort. One of the defendants is a resident of Skagit county, some of the defendants are corporations, and one is the Seattle National Bank, the relator here, whose place of business is in King county. This proceeding was commenced for the purpose of prohibiting the superior court of Skagit county from assuming jurisdiction of the relator, the relator having entered a special appearance and objected to the court's jurisdiction.

[1]Reported in 244 Pac. 551.

[1] By the record before us, is established the fact that the relator has not in Skagit county an office for the transaction of business, that no person resides in that county upon whom process might be served, and that the relator transacts no business, and transacted no business at the time the cause of action arose, in Skagit county. Jurisdiction of the relator, therefore, could not be obtained under § 206, Rem. Comp. Stat. But it is contended that the relator is properly suable in Skagit county for the reason that it is joined in a suit with a resident of Skagit county as a co-defendant. The rule is contended for that the statute fixing the county in which actions against corporations may be had does not apply, where the corporation is sued jointly with another. Were § 206 purely a venue statute, it might be possible to adopt this rule. But this court has consistently and persistently, since first considering § 206, adhered to the interpretation that that section was one relating to *jurisdiction,* and not to *venue.* In *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670, it was held that an action begun against a corporation in a county in which it was not properly suable conferred no jurisdiction upon the court of that county and that anything that that court undertook to do affecting that corporation in such a suit was void. This rule was followed in: *Hammel v. Fidelity Mutual Aid Association,* 42 Wash. 448, 85 Pac. 35; *Richman v. Wenaha Co.,* 74 Wash. 370, 133 Pac 467; *Davis-Kaser Co. v. Colonial Fire Underwriters Ins. Co.,* 91 Wash. 383, 157 Pac. 870; and in *State ex rel. Grays Harbor Commercial Co. v. Superior Court,* 118 Wash. 674, 204 Pac. 783, the subject was again reviewed and it was re-announced that under § 206, the court of a county in which a suit was improperly brought against a corporation acquired no

jurisdiction, not even jurisdiction to grant a change of venue to a county in which a suit against the corporation might properly have been instituted. It is difficult to see how, in the face of these decisions, it can be logically held that, by joining a corporation with a defendant properly suable in a county in which the corporation could not be sued, the court of that county thereby acquired *jurisdiction* over the corporation.

An attractive argument is made for the contrary holding on the ground that to follow the logical course would result in inconvenience, and reference is made to the decision in *Commercial National Bank of Seattle v. Johnson,* 16 Wash. 536, 48 Pac. 267, where this court, as a matter of convenience, adopted a rule permitting separate mortgages securing the same debt, but covering lands in different counties, to be foreclosed in either county, holding that the separate mortgages should be treated as one instrument and thereby advantage could be taken of the statute providing that, where a single mortgage covers land in two or more counties, it may be foreclosed in any county where part of the land is situated. In the instant case, there is no such convenient fiction available; and, to sanction the suit against the relator in Skagit county, the court would be compelled to arbitrarily say that it could be done in the face of the logical result of long established precedents. It may be that the decision in *McMaster v. Advance Thresher Co., supra,* was too broad; but it has been within the power of the legislature for thirty-two years to have corrected the mistake, and the power still rests there to make provision for the suing of corporations in counties where they may be joined with some resident defendant. This court cannot so legislate.

The respondent says, however, that this court, as

a matter of fact, held that the relator can be sued in Skagit county, that that is the effect of certain of our decisions, to which our attention is directed.

The first of these is *Whitman County v. United States Fidelity & Guaranty Co.,* 49 Wash. 150, 94 Pac. 906. The *per curiam* opinion in that case holds that a corporation could not be sued alone in an improper county, and in an *obiter* statement it is said that, if a resident of another county had been sued in his county and the corporation joined with him, "a different question would be presented." There is hardly anything in that opinion to justify the claim that it supports the respondent's position here.

In *State ex rel. American Sav. Bank & T. Co. v. Superior Court,* 116 Wash. 122, 198 Pac. 744, this court did say (it, however, being again *obiter*) that, if a resident of a county in which a corporation could not have been sued had been joined with the corporation there, there would have been "no question as to the right to there proceed." The situation which is presented to us now was not squarely before the court, and that decision cannot be taken as establishing any rule in this regard.

In *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164, an action for personal injuries was brought in Spokane county against Whitman county and a joint tort-feasor, who resided in Spokane county. It was held that Whitman county was properly suable in Spokane county by virtue of § 207, Rem. Comp. Stat., which provides that the action may be tried in a county where the defendants or some of them reside. The court there held that there was no statute which fixed the venue in actions against counties, and that therefore the action, being a transitory one, could be tried anywhere where jurisdiction could be obtained,

and that jurisdiction was obtainable under § 207. We have, however, held that [1]§ 206 exclusively applies to jurisdiction over private corporations and that § 207 has no reference to them whatsoever. The opinion in *Howe v. Whitman County, supra,* therefore, can be of no avail to the respondent here.

It would seem, therefore, that we have not committed ourselves to any theory inconsistent with that originally announced in *McMaster v. Advance Thresher Co., supra,* and that no exception has been made to the law as announced in that case.

Respondent fortifies his argument by reference to law writers and decisions of courts of other states. An examination of these citations shows that, with the exception of a very few, they do not consider a situation similar to that which obtains in this state under our statutes.

Fletcher on Corporations, vol. 4, p. 4375, makes the general statement that "under the statutes permitting action to be in the county where any of several defendants resides or has its place of business, that of a co-defendant of the corporation may be chosen though the corporation could not be sued there;" in effect saying that an action against a corporation could be sustainable under § 207. But, as we have already said, this court has held that § 207 is inapplicable to a case against a corporation, that § 206 is the only applicable section, and that that is not one relating to venue, but to jurisdiction. Furthermore, the same author, in vol. 11 of his 1924 Supplement, recognized that Washington has adopted what probably is a unique holding on this

---

[1]NOTE: Section 206, provides that a corporation may be sued in the county where it transacts business or has an office for the transaction of business or an agent upon whom process may be served. Section 207, provides that all other actions may be brought in the county in which the defendants or some of them reside. REP.

subject, and that in this state, unlike any state to which reference is made, no jurisdiction is obtained whatsoever over a corporation in a county where it is not properly suable. We find in vol. 11, p. 558, the following:

"In Washington where a corporation is sued in the wrong county, the court acquires no jurisdiction over it, and prohibition will lie to prevent it from assuming jurisdiction."

And on page 561:

"In Washington an action cannot be maintained against a corporation and an individual in a county in which the corporation could not otherwise be sued because the individual owns property there which it is sought to be attached, where he is a nonresident of the state and was not personally served with process in such county, since the law does not require that a nonresident defendant be sued in the county in which he has property to be attached, but expressly provides that writs of attachment may issue to other counties. But where the corporation is properly suable in the county where the action is brought, and is served there, individuals joined with it as defendants are subject to the suit there although they are residents of another county."

And, again, on page 567:

"In Washington where a corporation is sued in the wrong county, the court has no jurisdiction to order a change of venue to the proper county, and prohibition will not lie to compel it to do so."

In 14A C. J. 793, a statement is made that a statute fixing the venue in actions against corporations does not apply where a corporation is sued jointly with another. This statement is based upon the opinions of courts of Alabama and Wyoming, to which we will hereafter refer.

In Texas, the statutes which cover the same subject matter as is covered by §§ 206-7-8 of our Code have

been given an interpretation differing from that which this court has given them, and it has been there held that a corporation could be sued in a county other than its own, where it is joined with a resident defendant, and it was held that the statute permits such suits to be brought in any county in which any one of the defendants resides. *Behrens Drug Co. v. Hamilton,* 92 Tex. 284, 48 S. W. 5; *Behrens v. Brice,* 52 Tex. Civ. App. 221, 113 S. W. 782; *Danciger v. Smith,* 229 S. W. (Tex. Civ. App.) 909; in other words, whereas we have consistently held that § 207 does not apply to corporations, the similar section in the Texas Code has been held to be applicable to suits against corporations.

In Missouri, an anomalous situation appears in the decisions under a statute similar to our § 207, for we find in *Gray v. Grand River Coal & Coke Co.,* 175 Mo. App. 421, 162 S. W. 277; *State ex rel. Standard Fire Ins. Co. v. Gantt,* 274 Mo. 490, 203 S. W. 964; *Darby v. Weber Implement Co.,* 203 Mo. App. 200, 208 S. W. 116, and *Winter v. Commercial Bank,* 238 S. W. (Mo. App.) 833, that the courts held exactly contrarily as to whether a corporation can be joined outside its county with a resident of another county. In the first one of these cases cited, an intermediate court held that a section similar to § 206 was a venue statute, and not one relating to jurisdiction.

The court of appeals in California in *Briscoe v. Guarantee Mtg. Co.,* 57 Cal. App. 492, 207 Pac. 487, deals with the whole subject as if it involved only the question of venue, and is therefore not in harmony with our decisions, in that the question involved here is one of jurisdiction. The same can be said of the North Carolina case, *Smith v. Patterson,* 159 N. C. 138, 74 S. E. 923; the Indiana case, *Eel River R. Co. v. State ex rel. Kistler,* 155 Ind. 433, 57 N. E. 388; the Georgia

cases, *Central Bank of Georgia v. Gibson,* 11 Ga. 453; and *Waycross Air-Line R. Co. v. Offerman & W. R. Co.,* 114 Ga. 727, 40 S. E. 738; the Oregon cases, *Holgate v. Oregon Pac. R. Co.,* 16 Ore. 123, 17 Pac. 859, and *State ex rel. Crawford v. Almeda Consol. Mines Co.,* 107 Ore. 18, 212 Pac. 859; and the Arkansas case, *Sallee v. Bank of Corning,* 122 Ark. 502, 184 S. W. 44. In *Police Jury of Parish of Iberville v. Texas & P. R. Co.,* 122 La. 388, 47 South. 692, the Louisiana court held, in effect, the same as this court has in regard to the sections under consideration.

In *Davidsburgh v. Knickerbocker Life Ins. Co.,* 90 N. Y. 526, it was held that a section similar to our § 207 does not apply; and in *Eagle Iron Co. v. Baugh,* 147 Ala. 613, 41 South. 663, one of the cases referred to in Corpus Juris, a contrary result was announced, on the theory that the statute in regard to the beginning of suits against corporations was one concerning venue, and that, where a corporation was sued jointly with a resident of a county which was the improper venue if the corporation had been sued alone, the action must remain in that county; but that, after the resident defendant had been eliminated, the corporation, then becoming the sole defendant, had the right to question the venue of the action; holding that the section similar to our § 206 referred only to corporations when they were sole defendants, and that the section similar to our § 207 and § 208 was applicable when they were co-defendants, giving to those sections an interpretation dissimilar to that which this court has given them.

The other case cited in Corpus Juris is an opinion from Wyoming (*Harrison v. Carbon Timber Co.,* 14 Wyo. 246, 83 Pac. 215) where the court, under sections which, it must be conceded, are strikingly similar to

ours, has held that an action, such as the one begun in Skagit county, could be maintained there against the relator. From that opinion it is apparent that that court would give our § 206 the same interpretation that this court has given it, namely, that it is a section in regard to jurisdiction and not one relating to venue, but would hold, in spite of that, that under § 207 the relator was properly suable in Skagit county.

This case is the only one to which attention has been called which can be said squarely to point in favor of the respondent's position. The opinion in the Wyoming case is based largely upon a few decisions of inferior courts in the state of Ohio. These opinions contain no reasons for the conclusion arrived at and furnish no sufficient precedent to justify a departure from the rule which has been long established in this jurisdiction. But even if the Wyoming case holds as the respondent contends, as we have already said, to our minds the result is illogical and can only be justified by calling it an exception to the rule, and adopting that exception on the ground of convenience. There is too much danger attendant upon making exceptions on that ground for us to feel justified in doing so. We therefore must conclude that, until the proper lawmaking power sees fit to establish a contrary rule, a corporation cannot be sued except as provided for in § 206, and that joining a corporation in a county not covered by the provisions of that section with a resident defendant does not give the court of that county jurisdiction over such corporation.

The writ, therefore, must issue, prohibiting the superior court of Skagit county from assuming or asserting any jurisdiction over the relator.

FULLERTON, PARKER, MITCHELL, and MAIN, JJ., concur.

BRIDGES, J. (concurring)—I have great doubt as to the correctness of the conclusion reached in *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, and the other cases following it. But they have been the law of this jurisdiction so long that it would seem inadvisable, particularly on such a question as is involved here, to overrule them. I therefore concur in the foregoing opinion.

HOLCOMB, J. (dissenting)—It is obvious that the construction of §§ 206, 207 and 208, Rem. Comp. Stat., upon sound reasoning as well as good policy for the purpose of preventing a multiplicity of suits, expenses and inconvenience, should be the same as the construction, upon similar statutes, in Texas, Missouri, California, North Carolina, Indiana, Georgia, Oregon, Arkansas, and, especially, that in Wyoming referred to in the majority opinion.

Nor is there any substantial ground for saying that this court has consistently construed the sections of our statute cited as is now held in this case. The same question has hitherto never been squarely before us. In the cases cited in the majority opinion in 10 Wash. 147, 38 Pac. 670; 42 Wash. 448, 85 Pac. 35; 74 Wash. 370, 133 Pac. 467; 91 Wash. 383, 157 Pac. 870, and 118 Wash. 674, 204 Pac. 783, which were, it is true, surely transitory actions, the corporation was the sole defendant sued. In *Whitman County v. United States Fidelity & Guaranty Co.*, 49 Wash. 150, 94 Pac. 906, a private corporation was sued in the wrong county, and joined with it was an individual defendant who was not a resident of that county; and therefore it was the same as if a private corporation had been the sole defendant in the county in which it was sued. In all such cases the legislature might well provide that such private corporations should be sued only as prescribed in § 206.

It is specious to say that, although the decision in *McMaster v. Advance Thresher Co., supra,* may have been wrong,

". . . it has been within the power of the legislature for thirty-two years to have corrected the mistake, and the power still rests there to make provision for the suing of a corporation in counties where it may be joined with some resident defendant.. This court cannot so legislate."

The legislature for thirty-two years has simply acquiesced in the decision that under § 206 a private corporation could not be sued as the sole defendant in a county in which it did not do business, or in which it did not have its principal place of business, or an office for the transaction of business, or some resident agent upon whom valid service of process could be made. The legislature has probably so acquiesced, because it thought it had already legislated upon the subject and provided for the acquisition of jurisdiction against a private corporation where it is joined with other proper defendants in a county where the court has jurisdiction of the subject-matter, and can obtain personal jurisdiction of the co-defendants and so try all of the action together and not split it up.

It seems to me it matters little whether the leading case in 10 Wash. was right or wrong. This is an entirely different case, governed by other additional statutory provisions.

I am unable to agree with the majority and therefore dissent.

TOLMAN, C. J., concurs with HOLCOMB, J.