[No. 19956.  Department One.  September 21, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Yakima Trust Company et al., Plaintiffs,* v. EDWARD C. MILLS, *as Judge etc., Respondent.*[1]

[1] CORPORATIONS (195) — ACTIONS — VENUE — DOING BUSINESS IN COUNTY.  Corporations of Y county which did no more than assume contracts theretofore made by another corporation in W county did not transact business in the latter county, and therefore cannot be sued therein, under Rem. Comp. Stat., § 206, providing that actions against a corporation may be brought in any county where it "transacts business . . ."

[2] SAME (195).  A trust company of Y county, whose usual business was that of buying bonds, is not "transacting business" in W county, within Rem. Comp. Stat., § 206, relating to the jurisdiction of actions against corporations, where its president merely went into W county and entered into an agreement with an irrigation district whereby it was to pay for certain labor necessary to carry on irrigation work, and take its pay from the district in bonds.

Application filed in the supreme court April 19, 1926, for a writ of prohibition to restrain the superior court for Walla Walla county, Mills, J., from proceeding with a cause against non-resident corporations.  Granted.

*Williamson & LaBerge,* for relators.

*Johnson & Swanner,* for respondent.

BRIDGES, J.—By this proceeding the relators question the jurisdiction of the superior court for Walla Walla county in the suit of H. C. Rousch against them as defendants, instituted in that county.

It is conceded that none of the relators has any office in Walla Walla county for the transaction of business or any person residing there upon whom process may be served; but it is claimed that the action was properly brought in that county, because the relators

[1] Reported in 249 Pac. 8.

transacted business in that county at the time the cause of action arose, and that, therefore, they come within Rem. Comp. Stat., § 206. It is also conceded that the principal place of business of each of the relators is in the city and county of Yakima.

The complaint in the original action alleges, in substance, that some years ago the Burbank Irrigation District No. 4, located in Walla Walla county, was organized, issued and sold its bonds, all or part of which were purchased by the relator Yakima Trust Company; that later, and while the trust company held some of the bonds, the irrigation district became financially embarrassed and was unable to pay operating expenses; that an officer of the Yakima Trust Company visited the place of business of the irrigation district and there agreed with the district that, if the latter would hire the necessary help to carry on the irrigation work during the summer of 1925, it, the trust company, would pay the laborers so engaged, and receive in return from the irrigation district its bonds in an amount equal to the payments thus made; that, under the arrangement so made, the irrigation district employed the plaintiff and others, whose claims have been assigned to him, to carry on the work of irrigation, and that, in so doing, the district and the various relators became indebted to them for such services, which indebtedness relators have refused to pay; that after the Yakima Trust Company had made the contract above mentioned, the relators Yakima National Bank and Guaranty Trust Company took over the assets and assumed the liabilities of the Yakima Trust Company, and thereby agreed to pay the plaintiffs for their services, and that, at about the same time, the relator Washington Bond and Finance Company, having something to do with reference to the liquidation of the

Yakima Trust Company, assumed and agreed to pay the plaintiff's bills.

After the commencement of that suit and the service of process, all of the relators, as defendants, appeared specially and questioned the jurisdiction of the court; and, in support thereof, presented a showing to the effect that none of them has or ever has had an office in Walla Walla county for the transaction of business, and that they have never had in that county any agent upon whom service of process might be had; that their principal and only place of business always has been in Yakima county and that they have not transacted any business in Walla Walla county. Affidavits filed by the plaintiff tended to show that the relators made the contract as alleged in the complaint.

[1] We may assume, for the purposes of this decision, that the allegations of the original complaint are true and that the Yakima Trust Company entered into the contract therein alleged. So assuming, we are of the opinion that it did not transact business in Walla Walla county, within the purview of § 206, *supra*. This general question has been before us many times. Our cases are well reviewed in *State ex rel. Guernsey-Newton Co. v. Superior Court,* 136 Wash. 653, 241 Pac. 203; *State ex rel. American Savings Bank & Trust Co. v. Superior Court,* 116 Wash. 122, 198 Pac. 744; and *Johnson v. Atlantic & Pacific Fisheries Co.,* 128 Wash. 578, 224 Pac. 13.

Whatever may be said as to the character of the business transacted, it is plain that it was done only by the Yakima Trust Company, and that the other relators did not transact business of any kind in Walla Walla county in connection with the matter sued upon. They, according to the allegations of the complaint, did nothing more than assume the liability alleged to have been contracted by the trust company. We, therefore,

believe that, under no view of the case, did the court have jurisdiction of any of the relators, other than the Yakima Trust Company. We will, therefore, proceed to examine into the character of business transacted by that company.

[2] The section of the statute above mentioned provides, that actions may be brought against a corporation in any county where it "transacts business or transacted business at the time the cause of action arose;" or where it has an office for the transaction of business, or any person resides upon whom process may be served.

We have adopted the rule that, for a corporation to come within this statute, the business transacted by it must be a part of its usual and ordinary business, and not transactions which are merely incidental to that business. We have so held in *State ex rel. American Savings Bank & Trust Co. v. Superior Court, supra,* and *State ex rel. Guernsey-Newton Co. v. Superior Court, supra.*

It is plain, that the ordinary and usual business of the relators was not the operation of irrigation districts or paying the expenses of so doing. If the contract was made as alleged, it was merely incidental to the usual business of buying bonds, just as the bringing of a suit on a promissory note, or the foreclosure of a mortgage, is purely incidental to the business of loaning money.

We have many times held that § 206, *supra,* is one of jurisdiction, rather than of venue. *State ex rel. Seattle National Bank v. Joiner,* 138 Wash. 212, 244 Pac. 551, and cases there cited.

Since we hold that none of the relators was transacting business within Walla Walla county so as to bring it within the statute, under the doctrine of the case last cited the superior court for that county did

not obtain jurisdiction of any of the relators, and should, therefore, have dismissed the action.

The writ applied for will be granted.

FULLERTON and ASKREN, JJ., concur.

TOLMAN, C. J. (concurring)—I wholly agree with the holding as to doing business, but concur on the jurisdictional question only because of our prior decisions.

HOLCOMB, J. (dissenting)—I concur in the decision as to what constitutes doing business in a county by a non-resident corporation, but dissent from the decision on the jurisdictional question for the same reasons stated by me in my dissent to *State ex rel. Seattle National Bank v. Joiner*, 138 Wash. 212, 244 Pac. 551.