[No. 10852. Department One. April 15, 1913.]

A. STRANDALL, *Respondent*, v. ALASKA LUMBER COMPANY, *Appellant*.[1]

CORPORATIONS —— ACTIONS —— VENUE — "TRANSACTING BUSINESS." Where a corporation sent an agent to another county who there purchased lumber, and caused the same to be shipped direct to other points, it is "transacting business" in such county, within the meaning of Rem. & Bal. Code, § 206, authorizing suits to be commenced against a corporation in any county where it transacts business.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered May 21, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Million & Houser*, for appellant.

*Neterer & Pemberton*, for respondent.

MOUNT, J.—The plaintiff recovered a judgment against the defendant in the court below on account of a balance found due from the defendant to the plaintiff from the sale of two carloads of lumber. The defendant has appealed.

But one question is presented upon this appeal. It is argued by the appellant that the superior court of Whatcom county was without jurisdiction to try the case.

It is conceded that the defendant is a domestic corporation, having its principal place of business in King county. None of its officers reside in Whatcom county, where the case was brought. The defendant sent an agent to Whatcom county where the plaintiff lived to purchase lumber. This agent purchased two carloads of lumber which were then located in the respondent's mill yard in Whatcom county. A contract was entered into therefor. Thereafter, plaintiff loaded the lumber upon cars in accordance with the contract and shipped the lumber out of the state upon order of the defendant.

[1]Reported in 131 Pac. 211.

Previous to this time, the defendant had purchased other lumber from the plaintiff in carload lots, which was shipped out of the state in the same way.

The complaint alleged, among other things:

"That the cause of action arose in Whatcom county and the defendant transacted business at the time the same arose in said Whatcom county."

The statute Rem. & Bal. Code, § 206, provides as follows:

"An action against a corporation may be brought in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

It is argued, in substance, by the defendant, that the purchase of the lumber from the plaintiff in Whatcom county is not transacting business in that county, within the meaning of the statute.

Prior to the year 1909, the statute provided:

"An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation." Ballinger's Code, § 4854.

In 1909 this statute was amended so as to read as first above quoted. See Laws 1909, p. 69; *Collins v. Hazel Lumber Co.*, 54 Wash. 524, 103 Pac. 798. It will be observed that the words "where the corporation transacts business or transacted business at the time the cause of action arose," have been inserted into the previous statute, evidently for the purpose of authorizing suits to be brought in the county where the corporation transacts business, whether it has an office for that purpose in such county or not.

In *Hayworth v. McDonald*, 67 Wash. 496, 121 Pac. 984, we held that the execution of a bond in an attachment suit was

such a transaction of business as to authorize an action in the county where the bond was filed. In *Lee v. Fidelity Storage & Transfer Co.*, 51 Wash. 208, 98 Pac. 658, where a foreign corporation was engaged in assembling carload lots of household goods from different persons and forwarding them to different points outside the state, it was held that the appellant was doing business within this state.

It is plain, we think, that, where the defendant was purchasing lumber from the plaintiff and ordering such lumber shipped from plaintiff's mill direct to other points, that the corporation was transacting business within Whatcom county where the mill was located. The superior court therefore had jurisdiction to try the case.

The judgment is affirmed.

CROW, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.