[No. 15589.  Department One.  January 12, 1920.]

JOHN COHAGEN, *Respondent,* v. BIG BEND LAND
COMPANY, *Appellant.*[1]

CORPORATIONS (195)—ACTIONS—VENUE—"TRANSACTING BUSINESS."
Where a corporation was buying and selling land in a county and
leasing the same on shares and receiving and disposing of the same
and made a contract in that county, it was "transacting business"
in such county, within the meaning of Rem. Code, § 206, authorizing
suits to be commenced against a corporation in any county where
it was transacting business.

BROKERS (13, 33) — COMMISSIONS — PERFORMANCE — SUFFICIENCY.
Where a broker to secure a lease was informed by the owner that
possession could be given immediately, he had a right to rely there-
on, and is entitled to commissions, earned under that understanding,
although the deal fell through because possession could not be given
immediately.

Appeal from a judgment of the superior court for
Grant county, Hill, J., entered April 10, 1919, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action to recover a broker's commission.  Affirmed.

*Merritt, Lantry & Merritt,* for appellant.

*N. W. Washington,* for respondent.

MAIN, J.—This action is based on a written contract
for a commission claimed to have been earned in pro-
ducing a purchaser who was ready, able and willing
to buy a certain half-section of land in Grant county
upon terms which had been assented to by the defend-
ant.  The cause was tried to the court and a jury, and
resulted in a verdict in favor of the plaintiff.  From
this judgment, the defendant appeals.

The respondent resides in Grant county, and the
action was instituted in that county.  The appellant
is a corporation organized under the laws of the state

[1]Reported in 186 Pac. 1070.

of Washington, with its principal place of business in Spokane county. Some time during the year 1915, the respondent purchased a half-section of land in Grant county for which the appellant furnished the consideration. The title, at the time of the purchase, was taken in the name of the respondent. Thereafter and during the same year, the title was transferred to the appellant. At about the time of this transfer, and on the 14th day of December, 1915, a written contract was entered into between the parties by which it was agreed that, in the event that the respondent should secure a purchaser for the land "upon terms satisfactory to" the appellant, he should be entitled to one-half of the profits that might arise upon the transaction. On the 16th day of March, 1916, the appellant leased the land to one R. V. Weaver for a term expiring on the 31st day of December, 1917, unless the lease should be earlier terminated under the provisions thereof. This lease was prepared by the appellant at Spokane and forwarded to the respondent with direction to him to have the proposed tenant execute the same. The lease as written contained a provision that, if the land should be sold prior to the first day of May in any year, the tenant, upon receiving the consideration specified therein, should vacate the premises. Before the lease was signed, the respondent changed the word "May" in the lease, making it read "March." The lease was then executed and returned to the appellant, which apparently approved the change.

Some time during the month of April, 1917, the respondent had a telephone conversation with the president of the appellant company with reference to the sale of certain lands in Grant county, among others, the half-section for the producing a purchaser of which it is claimed the respondent earned the commission

sought to be recovered in this action. The respondent testified that, in this conversation, he told the president of the appellant that he had a proposed purchaser for this tract of land and the terms upon which it could be sold, and inquired specifically as to whether immediate possession could be given. He says that he was assured that such possession could be given. The terms otherwise were satisfactory to the appellant. Thereafter the respondent went to Spokane with the proposed purchaser for the purpose of closing the transaction. At that time the appellant refused to do anything further in the matter, as, under the terms of the lease, possession could not be given. One of the conditions upon which the proposed purchaser was willing to take the land was that of immediate possession. The action is brought on the theory that the sale was made upon terms satisfactory to the appellant and upon the assurance of its president that possession could be immediately delivered. There is no controversy over the fact that the proposed purchaser was ready, able and willing to buy the land upon the terms specified, providing he could have immediate possession. The action was instituted in Grant county and service of process was had upon the appellant in Spokane county. The appellant moved for a change of venue from Grant county to Spokane county, claiming that the respondent had no right to maintain the action in the former county. The statute relative to the venue of actions against private corporations (Rem. Code, § 206) provides:

"An action against a corporation may be brought in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served

against such corporation, unless otherwise provided in this code.''

The motion for change of venue was heard upon affidavits. From these it appears that the appellant's principal place of business was Spokane county, that it had no office for the transaction of business in Grant county, and that there did not reside in that county any officer or agent of the corporation. If the venue was properly laid, under the statute quoted, in Grant county, it must be by reason of the fact that the corporation was transacting business in that county. It reasonably appears that the appellant was buying and selling land in that county, leasing land, receiving as rental therefor at times a share of the crop, and disposing of the same, and that the contract upon which the action is based was there drafted, executed and delivered. These facts show that the appellant was transacting business in Grant county, and therefore, under the statute, might be sued therein. *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984; *Strandall v. Alaska Lumber Co.,* 73 Wash. 67, 131 Pac. 211.

Upon the merits, the only question is whether the evidence was sufficient to justify the submission of the cause to the jury. This question has been preserved throughout the record. It may be conceded that the respondent would be charged with knowledge, at the time the lease was executed, of its terms, and if there were no other fact in the record, that there would be no evidence to carry the case to the jury. He testifies, however, that, in the telephone conversation above referred to, he inquired of the president of the appellant whether immediate possession of the land could be given in the event that the sale was accomplished, and received the assurance that it could. The officer of the appellant with whom the conversation occurred

gave a different version of it and denied that he had given the assurance that immediate possession could be given, and further testified that the failure to consummate the sale was only because possession could not be delivered under the lease. If the respondent, as he testified, was assured that immediate possession could be given, he had a right to rely upon this, even though he knew the terms of the lease at the time it was executed. He might well have believed that, during the months that intervened between the execution of the lease and the time of the conversation, the appellant had made or could make some arrangement with the tenant by which immediate possession could then be given. The evidence being in dispute upon the question as to whether the respondent had received assurance in the telephone conversation that immediate possession could be given, and this being a material issue of fact in the case, was for the jury to determine. It cannot be said, as a matter of law, that the facts in the case are without dispute upon any material matter.

The judgment will be affirmed.

HOLCOMB, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.