[No. 15435.  Department One.  March 12, 1920.]

WILLAPA POWER COMPANY, *Appellant,* v.
PUBLIC SERVICE COMMISSION *et al.,*
*Respondents.*[1]

ELECTRICITY (3)—RATES—ORDERS OF PUBLIC SERVICE COMMISSION—
REVIEW.  A public service corporation cannot maintain an action to
set aside an order of the public service commission, made without
notice, annulling its previous judgment fixing rates, since the only
remedy is by writ of review, in view of Rem. Code, §§ 8626-86, and
8626-99, providing for such review and that an order is conclusive
unless set aside in the review provided for in the act.

CORPORATIONS (195)—VENUE (8)—JURISDICTION—DEMURRER.  The
question of jurisdiction or venue of an action against a corporation
cannot be raised by motion to dismiss or demurrer, where the com-
plaint does not show upon its face that defendant does not have an
office for the transaction of business in the county, and there is
nothing in the record to show in what county defendant was served.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered June 23, 1919,
dismissing an action for injunctive relief. Affirmed
as to one defendant; reversed as to the other.

*Fred M. Bond* and *P. M. Troy,* for appellant.
*Welsh & Welsh* and *Thos. M. Vance,* for respondents.

MITCHELL, J.—The Willapa Power Company, a cor-
poration, of South Bend, Washington, and the Willapa
Electric Company, a corporation, of Raymond, Wash-
ington, are, and for some years have been, competitors
in the manufacture, sale, and distribution of electricity
for heating and lighting, domestic, and municipal pur-
poses.  On November 27, 1918, the public service com-
mission duly made and entered an order fixing the
minimum rates for the service of the two companies in
territory occupied by both.  Thereafter, on March 25,

[1] Reported in 188 Pac. 464.

7—110 WASH.

1919, the public service commission made an order canceling its order of November 27, 1918. On May 22, 1919, the Willapa Power Company commenced this action in the superior court of Thurston county against the public service commission to have declared void the order of March 25, 1919, canceling the order of November 27, 1918, and against the Willapa Electric Company for injunctive relief and to recover damages.

The complaint alleges, among other things, that the principal place of business of the plaintiff is South Bend, Washington, and that it is engaged in public service in the city of South Bend and surrounding community; and that the defendant corporation has its principal place of business at Raymond, Washington, and is engaged in public service in the city of Raymond and also in the city of South Bend and surrounding community. It is further alleged that the defendant corporation, relying on the order of March 25, 1919, has been violating the minimum rate order of November 27, 1918, to plaintiff's damage in the sum of $2,000 in the loss of a number of its patrons to the defendant corporation, and that the latter threatens to continue, and unless enjoined will continue, to violate the terms of the order of November 27, 1918, to plaintiff's irreparable injury. It is further alleged in the complaint that the order of March 25, 1919, is null and void because made and entered by the public service commission without any notice to either of the corporations, and of which plaintiff had no notice until it received a copy of the order through the mail on March 26, 1919.

The public service commission, appearing separately, moved to dismiss the action. The defendant corporation, appearing separately and specially, filed a motion to dismiss which was treated as a demurrer to the jurisdiction of the superior court of Thurston county. Upon consideration, the trial court granted

both motions and entered a judgment dismissing the action. The plaintiff has appealed.

As to the public service commission, the remedy chosen in this case is not available. Section 86, chap. 117, Laws of 1911 [Rem. Code, § 8626-86], provides that any complainant or public service company affected by any order of the commission may, within thirty days, apply to the superior court for a writ of review to have the reasonableness and *lawfulness* of the order inquired into, and by § 99 of the same act [Rem. Code, § 8626-99], it is provided that such order shall be conclusive unless set aside or annulled in a review as in the act provided. *State ex rel. Public Service Commission v. Skagit River Tel. & Tel. Co.*, 85 Wash. 29, 147 Pac. 885; *State ex rel. Tacoma Eastern R. Co. v. Public Service Commission,* 102 Wash. 589, 173 Pac. 626.

It follows, therefore, that the only remedy a complaining public service company may employ to call in question an order of the public service commission is by a writ of review within the time and in the manner specified in the statute. The rule, however, has the important qualification that, if an order of the commission is void, since it does not bind the parties nor any one else, it may be attacked at any time, even collaterally. *State ex rel. Public Service Commission v. Skagit River Tel. & Tel. Co., supra.*

As to the dismissal of the action against the respondent corporation, the judgment is erroneous. A superior court is a court of general jurisdiction, and unless the complaint upon its face negatives jurisdiction, the question cannot be raised by demurrer, as jurisdiction will be presumed. *Peterson v. Pantheon Lumber Co.,* 62 Wash. 189, 113 Pac. 562. More accurately speaking, the question here is one of venue; and while it is true the complaint shows upon its face that the respondent corporation has its principal place of

business in the city of Raymond, Pacific county, Washington, and that it is doing a public service business within that city and within the city of South Bend and surrounding community, nevertheless, by the record, it does not appear that the respondent corporation does not have in Thurston county an office for the transaction of business, or that no person resides in Thurston county upon whom process may be served against such corporation; nor is there anything in the record to show in what county the process in this case was served. Rem. Code, § 206.

The judgment is affirmed as to the public service commission, reversed as to the Willapa Electric Company.

HOLCOMB, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.