[No. 17036.    Department Two.    February 25, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Grays Harbor Commercial Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *A. W. Frater, Judge, et al., Defendants.*[1]

CORPORATIONS (195)—ACTIONS—VENUE—"TRANSACTING BUSINESS." A business arrangement by a corporation, with an employment agency in another county to supply workmen from time to time when needed does not constitute the "transacting of business" by the corporation in that county, so as to render it subject to suit therein.

PROHIBITION (20)—GROUNDS—WANT OF JURISDICTION. Prohibition will lie to prevent a court from further proceeding in an action against a corporation which is brought in the wrong county.

CORPORATIONS (195)—VENUE (10, 16)—CHANGE—POWER OF COURT —ACTION AGAINST CORPORATION IN WRONG COUNTY. Where an action against a corporation is commenced in the wrong county, the court has no jurisdiction to make an order changing the venue to the proper county.

PARKER, C. J., dissents.

Application filed in the supreme court January 4, 1922, for a writ of prohibition to prohibit the superior court for King county, Frater, J., from further proceeding with a cause and to compel the granting of a

[1]Reported in 204 Pac. 783.

change of venue.    Granted, except as to change of venue.

*John C. Hogan,* for plaintiff.

*Gates & Helsell,* for defendants.

MACKINTOSH, J.—One McVeety began an action in the superior court of King county against the Grays Harbor Commercial Company, a corporation, by service of a summons.    The action was a transitory one, based on breach of a contract for the purchase of machinery.    The matter is before this court on an application for a writ of prohibition, prohibiting the superior court of King county from proceeding farther with the action, and asking that that court be directed to grant a change of venue.    The ground upon which the writ is asked is that the Grays Harbor Commercial Company, a foreign corporation, was not transacting business, nor did it transact any business at the time the cause of action arose, in King county; that it had no office in King county, nor any person residing in that county upon whom process could be served.    Affidavits were presented on the question, an examination of which satisfies us that the relator's contention as to the facts is correct.    From these affidavits it appears that the office which McVeety claimed was being conducted in King county by the relator was an employment office, run as a branch of the city and Federal employment agencies, and that the person in charge of that office was not an employee of the relator; that the only connection of that office with the relator was to direct men seeking work to the mill of the Grays Harbor Commercial Company, situated in Grays Harbor county, the relator keeping the agency informed as to what men it needed and the sort of work they would be required to do.    For this service the relator paid a

consideration to the city and Federal employment agency in accordance with the terms of the contract between them.

This business arrangement did not constitute the city and Federal employment office an employee of the relator, nor did it constitute a transacting of business in King county, nor did it make the office of the employment agency an office of the relator for the transaction of business. The relator is merely one of the patrons of the employment agency, which was a free employment office maintained by the city of Seattle and the Federal government, the relationship of the employment office to the Grays Harbor Commercial Company being that of an independent contractor. See *State ex rel. Seattle & Lake etc. Co. v. Superior Court,* 86 Wash. 657, 150 Pac. 1149; *State ex rel. Wells Lumber Co. v. Superior Court,* 113 Wash. 77, 193 Pac. 229; *State ex rel. American Savings Bank etc. Co. v. Superior Court,* 116 Wash. 122, 198 Pac. 744.

The cases of *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984, and *Willapa Power Co. v. Public Service Commission,* 110 Wash. 193, 188 Pac. 464, are cases where the court sustained the presumption of jurisdiction, and do not conflict with the holdings of the cases just cited. The cases of *Strandall v. Alaska Lumber Co.,* 73 Wash. 67, 131 Pac. 211, and *Cohagen v. Big Bend Land Co.,* 109 Wash. 404, 186 Pac. 1070, decide that certain acts there done constituted the "transaction of business."

The question arises whether this court will do more than prohibit the lower court from proceeding, that is, whether it will compel the lower court to change the venue of the action. We have held in actions against individuals begun in the wrong county, where the defendants were entitled to a change of venue, that pro-

hibition would lie to compel the transfer to the proper county. *State ex rel. Owen v. Superior Court,* 110 Wash. 49, 187 Pac. 708. But a distinction has been drawn between the right of change of venue which an individual has who is sued in the wrong county, and the right which a corporation has against which an action has been brought in the wrong county. This court in *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670; *Hammel v. Fidelity Mutual Aid Ass'n,* 42 Wash. 448, 85 Pac. 35; *Whitman County v. United States Fidelity etc. Co.,* 49 Wash. 150, 94 Pac. 906; *Richman v. Wenaha Co.,* 74 Wash. 370, 133 Pac. 467; and *Davis-Kaser Co. v. Colonial etc. Ins. Co.,* 91 Wash. 383, 157 Pac. 870, has held that, where the action against a corporation has been commenced in the wrong county, the court of that county has acquired no jurisdiction of such corporation, and that being true, the court would not have jurisdiction to make an order changing the venue. As we said in *McMaster v. Advance Thresher Co., supra:*

"It may be that there is no reason for this distinction, but it seems to have been the will of the legislature to create such a distinction, and the duty of the court is to construe the law as the intention seems reasonably to have been expressed by the legislature. This construction, it seems to us, cannot be avoided, and it follows that the court in Garfield county was without jurisdiction to pronounce judgment, and the judgment and all the proceedings in that court were without authority and void."

In the discussion of that case the distinction is made between § 206, Rem. Code (P. C. § 8543), which relates to the venue of actions against private corporations, and the following sections, §§ 207 and 208, Rem. Code (P. C. § 8544), § 207 being the one which relates to venue in cases other than those against corporations, and § 208 relating to proceedings in such actions com-

menced in the wrong county, holding in the *McMaster* case, above, that §§ 207 and 208 relate to one subject which is entirely distinct and separate from that dealt with in § 206.

The court having no jurisdiction where an action has been begun against a corporation in the wrong county, may be prohibited from exercising jurisdiction, but this negatives the idea of its being allowed to grant a change of venue. No jurisdiction having been obtained over the corporation, the situation is the same as though no service had been made, and the court cannot send the case to another county, for there is no action pending which is subject to transfer.

In the case of *State ex rel. Wells Lumber Co. v. Superior Court, supra,* prohibition was asked to restrain the court from granting a change of venue in an action against a corporation which was found not to be properly sued in the county where the action was begun, and this court denied the writ, which, in effect, allowed the lower court to make the transfer. The question whether the court had jurisdiction to make the transfer was not raised in that action, it being tried purely upon the question of whether the facts showed that the corporation was properly suable. For that reason that case cannot be taken as authority for the proposition contrary to that which we have here announced as to the court's right to grant a change of venue where the action against a corporation has been begun in the wrong county.

The present action having been begun in the wrong county, the court of that county had no jurisdiction, and a writ of prohibition will lie to restrain it from proceeding further in the matter, but that portion of the application for the writ which relates to the change of venue must be denied. It is so ordered.

HOLCOMB, MITCHELL, and HOVEY, JJ., concur.

PARKER, C. J. (dissenting in part)—I concur in the result announced by my brethren in the foregoing opinion, but dissent from one announced view of the law therein, touching the jurisdiction of the King county court over the person of the relator as defendant in the action in question. Relator, as the defendant in the case, voluntarily asked for a change of venue to the proper county, and thereby invoked the jurisdiction of the King county court to that extent; and the plaintiff in the case has, of course, by commencing the action in that court, invoked its jurisdiction for all purposes. This, to my mind, is plainly not a question of jurisdiction over the subject-matter of the action in question, but only a question of jurisdiction over the person of relator as the defendant in that action. If relator had voluntarily answered and gone to trial upon the merits, manifestly the jurisdiction of the King county court would have been complete, even though neither party had ever before been in, or done any business in, King county. The superior court of every county in the state of Washington has jurisdiction over the subject-matter of that action. This is true, because it is an action which might be tried in any superior court of the state, either by consent of the parties thereto, or by change of venue from a county in which it might have been properly commenced, upon proper showing under our general change-of-venue statute.

I assume that relator's appearance in the action was special in the sense that relator objected to the assuming of jurisdiction over its person by the King county court for the purpose of trying the case, or doing more than sending it to the superior court of a county which relator could have been by summons forced into; but relator's appearance was not special in the sense that the King county court is thereby prevented from lawfully doing the very thing relator asked it to do. I'

agree that the superior court for King county should be prohibited from making any order in the case, other than the one relator asked for; and I do not seriously object to the refusal of this court, in this particular proceeding, to compel the King county court to send the case to another county; but I do dissent from the view of the law that the superior court for King county has not the power to send the case to the court of another county for want of jurisdiction over the person of relator. The plaintiff in the action may have the right to have the case not sent to another county; but if so, he can, by timely voluntary dismissal of his action, secure that right.