[No. 23101. Department Two. October 3, 1931.]

GEORGE ADDY *et al., Respondents,* v. FRUITDALE-ON-THE-SOUND WATER COMPANY *et al., Appellants,* CONTINENTAL MORTGAGE & LOAN COMPANY, *Defendant.*[1]

*James R. Gates,* for appellants.
*Wright & Catlett,* for respondents.
*The Attorney General* and *John C. Hurspool, Assistant, Amici Curiae.*

BEALS, J.—Plaintiffs instituted this action for the purpose of obtaining a decree enjoining Fruitdale-on-the-Sound Water Company, a corporation (hereinafter referred to as the water company), from continuing to furnish water to persons other than residents of the plat of Fruitdale-on-the-Sound, from attempting to collect from its stockholders monthly rates for service, and for other relief of the same general character. Many of the facts in connection with the history of the operations of the water company are stated in the opinion of this court in the case of *State ex rel. Addy v. Department of Public Works,* 158 Wash. 462, 291 Pac. 346, in which proceeding it was held that the water company had, because of its manner of doing business and the functions which it had been performing, come within the jurisdiction of the department of public works and was subject as a public service corporation to regulation by the department.

This case was instituted while the action above referred to was pending, and came on for trial after the department of public works had assumed to exercise its jurisdiction, but before its right to do so had been upheld by this court. After a full hearing, the trial court entered an interlocutory decree directing the corporation and a majority of its board of trustees to apply, within thirty days from the date of the order, to the department of public works for the entry of an order relieving plaintiffs and others similarly situated from payment of rates for water service rendered by the water company, the decree enjoining that company from attempting to collect such rates and directing it to continue to furnish service. From this interlocutory decree, the water company and three of its trustees, constituting a majority of the board, appeal to this court.

In the case of *State ex rel. Addy v. Department of Public Works, supra,* it was held that the water company was a public utility

[1]Reported in 3 P. (2d) 541.

company and subject to the jurisdiction of the department of public works. From the voluminous record in the case at bar, it appears that some questions exist as to the rights of respondents in connection with the service rendered them by the water company, and that there are questions in connection with the functions and obligations of the corporation which may properly be presented to and determined by the department of public works. Many of the questions argued on this appeal have been determined by the decision of this court above referred to. Other questions argued are not now properly before us on an appeal from the interlocutory decree, the provisions of which are extremely limited.

We conclude that the questions which exist in connection with the subject matter of this litigation should properly, in the first instance, be passed upon by the department of public works, and that the order appealed from provides for a proper method by which the questions may be presented to that tribunal. As to the questions of law argued by the respective parties to this appeal, involving on the one hand respondents' alleged rights and on the other the duties and obligations of the water company, we express no opinion, expressly reserving such questions for future determination.

Appellants, after complying with the terms of the decree, may, in the hearing before the department and in any subsequent proceedings, take any position they desire as to the order which should be made, without regard to whether or not such position is consistent or inconsistent with the application which they make to the department in compliance with the interlocutory decree, which is hereby affirmed.

TOLMAN, C. J., BEELER, and PARKER, JJ., concur.