[No. 27812. Department Two. April 15, 1940.]

SOUTH BAY MOTOR FREIGHT COMPANY, *Appellant*, v. FERD J. SCHAAF, *as Director of the State Department of Public Service, et al., Respondents.*[1]

[1]Reported in 101 P. (2d) 584.

*L. B. Donley,* for appellant.

*The Attorney General, George G. Hannan, Assistant,* and *MacBride & Williams,* for respondents.

JEFFERS, J.—This is an appeal by plaintiff, South Bay Motor Freight Company, from a judgment of dismissal entered June 16, 1939, in an action brought by plaintiff against Ferd J. Schaaf, as director of the department of public service, to restrain defendant from granting Puget Sound Freight Lines the right to haul freight between Seattle and Grays Harbor points at a lower or different rate than that charged by plaintiff, and for a further decree ordering and directing defendant to grant plaintiff the right to charge the same freight rates as granted to Puget Sound Freight Lines, intervener in this action.

The pleadings alleged and the facts as established show that, for some years, plaintiff and intervener, and others not parties to this action, have, as common carriers, been hauling freight from Seattle to Grays Harbor points, operating under permits issued by the department; that plaintiff's service is an all-truck service, while the service of intervener is accomplished by boat from Seattle to Olympia, thence by truck from Olympia to Grays Harbor; that both plaintiff and intervener have, for several years, been operating under tariffs duly filed with the department; that the rates filed with the department and permitted to be charged

by intervener are lower than those filed by and permitted to be charged by plaintiff; that both plaintiff and intervener maintain an overnight service between Seattle and Grays Harbor, leaving Seattle in the early evening and having the freight in Aberdeen, ready for delivery, the following morning. The testimony, however, further shows that, on many occasions, freight hauled by intervener does not reach Aberdeen until later than freight hauled by plaintiff.

It was shown that, on May 9, 1938, plaintiff and other carriers filed with the department a petition, wherein they asked that the department make an order establishing an exact parity of freight rates as between petitioners and Puget Sound Freight Lines, for hauling freight from Seattle to Grays Harbor points; that a demurrer to this petition was sustained, and on August 1, 1938, the department dismissed the petition; that, at the time the petition above referred to was filed, there was pending before the department a certain proceeding, to which both plaintiff and intervener were parties, being hearing No. 1434, part 4, order M. V. No. 26177, which proceedings and order were, by writ of review, transferred to the superior court for Thurston county and are the subject matter of consolidated cause No. 17301 and 17277; that such proceedings were by the court, after a hearing, remanded to the department for a hearing *de novo,* and that matter is still pending; that the proceeding just referred to involved the fixing of rates to be charged by plaintiff and others operating an all-truck service between Seattle and Grays Harbor points and the rates to be charged by intervener operating a boat-truck service between the same points, the proceeding also involving the determination of differentials to be allowed to the different type carriers.

It further appears that, on May 2, 1938, the department, upon its own motion, caused a complaint to be

filed before it for the investigation of all rates, charges, practices, etc., of intervener, for the purpose of ascertaining and fixing just, fair, and reasonable rates, which proceeding is now pending before the department.

The instant case was heard by the court on January 4, 1939, and resulted in a judgment of dismissal, and this appeal by plaintiff followed. For the sake of clarity, we shall continue to refer to respondent department as the department, and respondent Puget Sound Freight Lines as intervener.

Appellant bases error on the refusal of the court to grant the relief sought in its complaint; upon the denial of any equitable relief whatsoever to appellant; upon the failure of the court to decide the cause upon its merits; and upon the dismissal of the complaint.

■ It is first contended that, irrespective of its regulatory powers and duties, the department may not legally permit one carrier to compete for business at a lower rate than that permitted to another carrier in a case such as this, wherein the service, so far as the shipper is concerned, is identical.

Recognizing that the rate-making power is vested in the department, and that, unless the matter be brought to the court by writ of review, the courts have no jurisdiction to grant relief from an order of the department fixing rates, if such order be valid and made under authority vested in the department, appellant concedes that, if the above contention made by it is not sound, the lower court was right, and appellant is entitled to no relief herein.

It is further contended that the acts and conduct of the department in not permitting equal competition, where there is a parity of service, is in violation of law, and in excess of authority of the department, and that equity will intervene to prevent such abuse of claimed

power. To sustain this contention, appellant cites *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P. (2d) 397; *State ex rel. Washington Motor Coach Co. v. Kelly*, 192 Wash. 394, 74 P. (2d) 16; *Polson Logging Co. v. Kelly*, 195 Wash. 167, 80 P. (2d) 412; and cases from other jurisdictions.

We are in entire accord with the rule announced in the *Blanchard* case and the other cases cited, but, in our opinion, they do not sustain appellant's contention that it is entitled to equitable relief herein. Under Rem. Rev. Stat., Vol. 7A, § 6382-11 [P. C. § 234-13½k], the department is vested with power and authority, and it is made its duty, to supervise and regulate every common carrier in the state, and to make, fix, alter, and amend, just, fair and reasonable, minimum, maximum, or minimum and maximum, rates, charges, classifications, rules, and regulations of all common carriers.

Rem. Rev. Stat., Vol. 7A, § 6382-20 [P. C. § 234-13½u], provides in part:

"In ordering and establishing joint through rates between different types of carriers the department shall give full effect to the lower cost of transportation of property by any type of carrier and shall reflect such lower cost by differentials under a through rate of the higher cost carrier."

In 13 C. J. S. 654, § 285, the rule is stated as follows:

"There is no precise formula for determining with fine accuracy the point of reasonableness of a carrier's rates. There are many factors entering into the consideration; and the final result is to be determined, not from the consideration of a single circumstance, but from a general view of all conditions affecting the transportation, and a consideration of all parties directly and materially affected."

There are many recognized factors entering into the determination of fair and reasonable rates, among them

being cost of transportation to carrier, value of property devoted to the service, value of service to the public, earnings, operating expense, competition, and others.

Assuming that the allegations of the complaint were sufficient to give the court jurisdiction to proceed to hear the case, for the purpose of determining whether or not the act or acts of the department, in denying to appellant a parity of rates and in dismissing its petition on August 1, 1938, were unlawful, upon what do we find these contentions are based, and what proof is offered to sustain them?

We find the contention that appellant is entitled to a parity of rates is based upon the claim that there is a parity of service. Appellant's proof was directed entirely to showing that both appellant and intervener maintain an overnight service between Seattle and Grays Harbor, with a pick-up service in Seattle and delivery service at Aberdeen. On the other hand, intervener showed that the cost of operating the boat-truck service is considerably less than the all-truck service; that the boat-truck service is slower, less dependable, and more hazardous; that, because of these and other elements entering into the boat-truck service, it is a less valuable service to the shipper than the all-truck service. It further appeared from the testimony that, instead of a monopoly being created in favor of intervener by reason of the difference in rates, the all-truck service of appellant and others was carrying about 65.5 per cent of the freight, as against about 34.5 per cent carried by intervener.

While appellant strenuously contends that this is not a rate case, and that it is not seeking to change, make, remake, lower, or raise any rate, but is seeking only the right to compete on equal terms with intervener, yet we think plainly the effect of what appel-

lant is attempting by this action, as indicated by its complaint and its proof offered to sustain the complaint, is to have a rate fixed which it may charge which will be the same as that permitted to be charged by intervener, and this merely upon a parity of service.

In the first place, we are of the opinion that appellant did not establish in this case that there is a parity of service.

No authority has been cited, and we have found none, which would seem to prohibit the department, in a proper case, from fixing rates which competing carriers may charge, based upon the many factors hereinbefore enumerated, even though there may be a differential in such rates, in favor of the carrier giving a lower cost service, so long as the rates fixed are just, fair, and reasonable. In fact, the statute would seem to contemplate that the department should, in fixing through rates, take into consideration the lower type service. The statute also permits the department to fix minimum rates, and we are of the opinion it has not been shown in this case that the department exceeded its authority in fixing a minimum rate to be charged by appellant, even though that rate is higher than that charged by intervener.

In *Stephenson v. Binford,* 287 U. S. 251, 77 L. Ed. 288, 53 S. Ct. 181, 87 A. L. R. 721, the court recognized the right of the railroad commission of Texas, under authority vested in it, to fix minimum rates for transporting property for hire over the public highways, to fix a minimum rate for contract carriers, below which they could not go, and that the fixing of such minimum did not offend against the fourteenth amendment, although it might tend to interfere with the freedom of the parties to contract.

The statute prescribes the method by which an order of the department may be questioned, which is

by a writ of review. This method is exclusive (*Willapa Power Co. v. Public Service Commission,* 110 Wash. 193, 188 Pac. 464), and only by means of such a writ does the court have jurisdiction to pass upon any such order, unless it appears that the department has exceeded its authority in making any such order, in which latter case, under the rule announced in the *Polson Logging Co.* case, *supra,* the court has jurisdiction, in the first instance, to grant equitable relief.

We have read the I. C. C. cases and others cited by appellant to sustain its contention that it is entitled to meet competition, and we are of the opinion they are not controlling herein.

It is also assigned as a reason why appellant is entitled to equitable relief herein, that appellant was not only denied any relief by the department, but was denied access to the department. This contention is based upon the dismissal of appellant's petition on August 1, 1939. It should be noted that no attempt was made to review this order, although clearly, under the statute and the rule as announced in *State ex rel. Great Northern R. Co. v. Public Service Commission,* 76 Wash. 625, 137 Pac. 132, it would have been possible, by a writ of review, to have inquired into the reasonableness and lawfulness of such order.

In so far as this record shows, appellant, through the years, has made no attempt to have the rates changed or adjusted, nor has it sought to be allowed to charge the same rate as intervener, except by the filing of the petition above referred to.

However, the record does show that, at the time appellant's petition was filed with the department, and at the time of its dismissal, there was pending before the department, as the result of hearings instituted by the department in hearing No. 1434, part 4, to which both appellant and intervener were parties, a proceed-

ing in which the issues raised and the subject matter were the same as the subject matter of appellant's petition. Order M. V. No. 26177, entered in hearing No. 1434, part 4, and the findings upon which such order was based, were thereafter reviewed by the superior court for Thurston county, which, after a hearing, to which appellant and intervener were parties, remanded such proceeding to the department to hold a new hearing *de novo*, and after such hearing to make new findings of fact and order. These proceedings are still pending before the department.

We think clearly the department was justified in sustaining a demurrer to and dismissing appellant's petition, on the ground that there was then pending before the department a proceeding involving the same subject matter and the same issues, and we also think this is another reason why the trial court was right in dismissing the present action. See *Addy v. Fruitdale-on-the-Sound Water Co.*, 164 Wash. 713, 3 P. (2d) 541.

We are therefore of the opinion that the judgment of dismissal was proper in the instant case, for the reason that appellant failed to show facts entitling it to any equitable relief here, and for the further reason that it appears there is now pending before the department a proceeding in which the issues and the subject matter are the same as in the instant case.

The judgment is affirmed.

BLAKE, C. J., BEALS, STEINERT, and GERAGHTY, JJ., concur.